# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTICE USA, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO. 2:23-CV-576-JRG-RSP |

## PROTECTIVE ORDER

WHEREAS, Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Rykodisc, Inc., Warner Music Inc., Warner Music International Services Limited, Warner Music Nashville LLC, Warner Records/QRI Venture, Inc., Sony Music Entertainment, Arista Music, Arista Records, LLC, LaFace Records, LLC, Sony Music Entertainment US Latin LLC, Ultra Records, LLC, Volcano Entertainment III, LLC, Zomba Recording LLC, Warner Chappell Music, Inc., Cotillion Music, Inc., Gene Autry's Western Music Publishing Co., Golden West Melodies, Inc., Intersong U.S.A., Inc., Unichappell Music Inc., W Chappell Music Corp., W.C.M. Music Corp., Warner- Tamerlane Publishing Corp., Sony Music Publishing (US) LLC, Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music Inc., EMI Consortium Music Publishing, Inc., EMI Consortium Songs, Inc., EMI Entertainment World Inc., EMI Gold Horizon Music Corp., EMI Miller Catalog Inc., EMI Mills Music Inc., EMI Robbins Catalog Inc., EMI U Catalog Inc., EMI UNART Catalog Inc., Famous Music LLC, Jobete Music Co., Inc., Screen

Gems-EMI Music Inc., Stone Agate Music, and Stone Diamond Music Corp. and Defendants Altice USA, Inc. and CSC Holdings, LLC (hereafter referred to as "the Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. A producing party, including any Party to this action and any third party producing information or material voluntarily or pursuant to a subpoena or a court order, may in good faith designate for protection under this Order, in whole or in part, any document, information, or material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "RESTRICTED CONFIDENTIAL SOURCE CODE" (collectively, "Protected Material").

    (a) **Confidential Information**. A producing party, including any Party to this action and any third party producing information or material voluntarily or pursuant to a subpoena or a court order, may designate material as "CONFIDENTIAL" where such material relates to non-public, sensitive, proprietary, or confidential information, that qualifies for protection under Federal Rule of Civil Procedure 26(c), including but not limited to confidential technical, sales, marketing, financial, or other commercially sensitive information.

    (b) **Highly Confidential – Attorneys' Eyes Only Information**. A producing party, including any Party to this action and any third party producing information or

2

material voluntarily or pursuant to a subpoena or a court order, may alternatively designate material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" where such material contains either: (a) particularly sensitive information that the producing party believes in good faith cannot be disclosed to another Party or third-party without creating a substantial risk of harm to the competitive position of the producing party or (b) other proprietary or commercially sensitive information, including but not limited to trade secrets, customer or subscriber confidential information including personally identifiable information (*e.g.* name, physical address, telephone numbers, social security number, driver's license number, and email addresses). HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY includes but is not limited to trade secrets, proprietary marketing, financial, sales, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, information relating to future products, strategic plans, settlement agreements or communications, and customers' or subscribers' personally identifiable information.

(c) **Restricted Confidential Source Code Information**. A producing party, including any Party to this action and any third party producing information or material voluntarily or pursuant to a subpoena or a court order, may alternatively designate material as "RESTRICTED CONFIDENTIAL SOURCE CODE" to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"). Nothing in this protective order shall be construed so as to (i) obligate the parties to produce

    Source Code Material, (ii) serve as an admission that Source Code Material of any type is discoverable in this litigation, or (iii) waive any party's or non-party's right to object on any ground to the production of Source Code Material.

2. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material. The legend or stamp shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

3. Any document produced before issuance of this Order with the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order. With respect to documents, information or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE", subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions

4

and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Material shall also be considered Protected Material and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as Protected Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 9 herein:

   (a)   outside counsel in this Action for the Parties;

   (b)   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c)   representatives of insurers and outside counsel for such insurers to the extent required under the terms of any applicable insurance agreements and who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

      provided that such individuals are identified to the producing Party and complete the Undertaking attached as Exhibit A hereto.

    (d)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

    (e)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action who have been identified to the producing Party and completed the Undertaking attached as Exhibit A hereto, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

    (f)    outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. Notwithstanding the foregoing, nothing herein prohibits a Party from retaining an outside consultant or expert in this Action merely because that Party previously retained or currently retains that person as an outside consultant or expert in a different action;

    (g)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

    (h)    the Court and its personnel.

6.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as Protected Material,

shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Protected Material and subject to all of the terms and conditions of this Order.

7. For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (f–h). Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be accessed by and disclosed to up to three (3) individuals in paragraph 5(c) per receiving Party Group (i.e., related entities receiving the same Protected Material, with Altice USA, Inc. and CSC Holdings, LLC constituting one Party Group; the "Warner Music Plaintiffs," as defined in paragraph 34 of the Complaint, constituting another Party Group, the "Sony Music Entertainment Plaintiffs," as defined in paragraph 43 of the Complaint, constituting another Party Group; the "Warner Chappell Plaintiffs," as defined in paragraph 54 of the Complaint, constituting another Party Group; and "Sony Music Publishing Plaintiffs," as defined in paragraph 73 of the Complaint, constituting another Party Group, *see* Dkt. 1), provided that such individuals are identified to the producing Party and complete the Undertaking attached as Exhibit A hereto. Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be accessed by and disclosed to up to three (3) individuals in paragraph 5(d) per receiving Party Group (i.e., related entities receiving the

same Protected Material, with Altice USA, Inc. and CSC Holdings, LLC constituting one Party Group, ; the "Warner Music Plaintiffs," as defined in paragraph 34 of the Complaint, constituting another Party Group, the "Sony Music Entertainment Plaintiffs," as defined in paragraph 43 of the Complaint, constituting another Party Group; the "Warner Chappell Plaintiffs," as defined in paragraph 54 of the Complaint, constituting another Party Group; and "Sony Music Publishing Plaintiffs," as defined in paragraph 73 of the Complaint, constituting another Party Group, *see* Dkt. 1), provided that such individuals are identified to the producing Party and complete the Undertaking attached as Exhibit A hereto.

8. For Protected Material designated "RESTRICTED CONFIDENTIAL SOURCE CODE," the following additional restrictions apply:

    (a) Absent separate written agreement by the Parties, access to a Party's Source Code Material shall only be provided on two "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computers may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 8(g and i) below. The receiving Party shall make no attempt to connect any external storage device or network-connected device to the stand-alone computer(s); provided, however, that the source code reviewer(s) and any representative of the receiving Party, including outside counsel, shall be permitted to bring into the source code room a laptop computer or other electronic note taking device. Additionally, absent separate written agreement between the Parties, the stand-alone computers may only be located at the offices of the producing Party's outside counsel;

    (b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time on weekdays, excluding court holidays and with one-week advance notice for the first such source code review, and three business-days' notice for any subsequent source code reviews, identifying the individuals who will be present at the review. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)      The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code Material on the stand-alone computers;

(d)      The producing Party will produce Source Code Material in computer searchable format on the stand-alone computers as described above. The receiving Party may request that the producing Party install software, at the receiving Party's expense, on the stand-alone computers to perform searches of or to otherwise operate or analyze the Source Code Material. The receiving Party must provide the producing Party with appropriate access and license information for such software tool(s) at least one week in advance of the date upon which the receiving Party wishes to have the additional software available for use on the Source Code Review computers. Timely requests for the installation of such software will not be unreasonably denied;

(e)      Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(f) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)      To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)      Except as otherwise set forth in this paragraph 8, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)      The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(i) All printouts of Source Code Material shall be printed on blue colored paper, shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and each page shall be given a unique production identification number;

(j) Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(k) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(l) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(m) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 8(e) above to another person authorized under paragraph 8(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in this paragraph 8 and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

9. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such

10

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

10. There shall be no disclosure of any Protected Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

11. Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (i) eligible to have access to the Protected Material by virtue of his or her employment with the designating party, (ii) identified in the Protected Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (iv) a current or former officer, director or employee of the producing Party or a current or

    former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 8 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to Protected Material. Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

12. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period or until such a designation has been made, whichever occurs sooner, the entire deposition or hearing transcript shall be treated as confidential.

13. Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such

      confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

14. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court or other order sealing or redacting its use at trial.

15. A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

16. Each outside consultant or expert to whom Protected Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

17. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order, or propose modifications to this Order if needed.

18. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY," in accordance with this Order.

19. The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of final termination of this Action, including any appeals, all Protected Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

20. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

21. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such

relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

22. Production of Protected Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

23. Nothing in this Order shall be construed to affect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

24. Each of the Parties, and any Third Parties, shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Material.

**SIGNED this 16th day of April, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALTICE USA, INC, et al., <br><br> Defendants. | CIVIL ACTION NO. 2:23-CV-576-JRG-RSP |

# APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return and/or destroy all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my

      possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

      I declare under penalty of perjury that the foregoing is true and correct.

Signature_____

Date _____