IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS, INC. et al., § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> ALTICE USA, INC. and CSC § <br> HOLDINGS, LLC § <br> § <br> *Defendants*. § <br> § | Case No. 2:23-cv-00576-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion to Transfer to the Eastern District of New York (**Dkt. No. 26**). After consideration, the Court concludes that Defendants have not met their burden of showing that the Eastern District of New York would be a clearly more convenient venue than this forum. Accordingly, the Court **DENIES** Defendants' Motion to Transfer.

I. APPLICABLE LAW

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). Once the moving party has established that the instant case could have been brought in the

transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See

*Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II. ANALYSIS

### a. The relative ease of access to sources of proof

Defendants contend that the bulk of evidence for this case is in New York. First, Defendants argue that in infringement cases, the bulk of evidence is expected to be in the possession of the defendant. Defendants contend their documents including Altice's policies, source code, financials, and relevant copyright notices and documents detailing Defendants' response to such notices, and the named custodian are located in EDNY. Defendants contend that while these documents are electronic, that does not neutralize this factor but rather in light of the case law and with the custodian being in EDNY, this factor weighs in favor of transfer.

Plaintiffs contend that Defendants' evidence is digital and equally accessible in both districts but there is physical evidence closer to this district[1]. Plaintiff further contends that all of Defendants' documents are both accessible and accessed in both districts and that unlike highly confidential evidence where only a limited number of witnesses have access to the documents, here there is no such restriction. Likewise, Plaintiffs argue that Defendants have already produced much of the relevant discovery in another case before this Court, so there is little burden to produce that discovery again and thus greater ease of access in this district.

The Court finds this factor weighs only slightly in favor of transfer. While Defendants' evidence being located electronically in EDNY is entitled to some weight, that weight is limited

---

[1] Plaintiff identifies in a footnote that some copyright registration documents are physically located in Tennessee.

where there is no indication that such evidence is not readily available anywhere, such as if the electronically stored documents were restricted to only certain individuals in defendants' organizations in only one locality.

### b. The Availability Of Compulsory Process To Secure The Attendance Of Witnesses

Under this factor, Defendants point to four former Altice employees that the plaintiff in a prior action against Defendants sought to depose. Defendants contend these former employees are likely unwilling and would only be subject to the subpoena power of EDNY. Defendants also contend that while the Court previously found testimony may come from non-party witnesses in Texas in the prior case against Defendants, those plaintiffs have not sought such testimony. Last, Defendants point to unnamed former employees of Plaintiffs located in EDNY.

Plaintiffs contest the relevance of the four former Altice employees as well as their unwillingness. Plaintiffs contend that during venue discovery Defendants did not identify any former employees as relevant. In contrast, Plaintiffs argue there numerous relevant third parties in Texas. Plaintiffs identify a former VP of Altice in Tyler, TX with relevant knowledge as to Defendants' copyright practices. Plaintiffs also contend there are numerous repeat infringers of Plaintiffs' copyrights in EDTX that Plaintiffs contend would have relevant information on why Defendants' service is chosen by infringers relevant to showing aiding-and-abetting.

The Court finds this factor disfavors transfer. Defendants have not identified any relevant witnesses for whom compulsory process may be required in EDNY. Defendants do not identify relevance of the four former employees, only that another plaintiff found them relevant. This is insufficient. Likewise, the fact that another plaintiff did not seek the discovery it suggested it might need some time before the close of discovery is not relevant to the Court's examination of the current case with different plaintiffs. In contrast, Plaintiffs have specifically identified a former

executive with relevant knowledge and specifically, though not by name, an underlying infringer in this district.

### c. The Cost of Attendance for Willing Witnesses

Under this factor, Defendants contends that because most parties are located in EDNY, it is expected that most witnesses will be in EDNY. As such, Defendants contend the cost of attendance will be lower in EDNY. Defendants contend that third parties not in either district would also find New York more convenient given the logistics and available flights, but they do not detail this conclusion in the motion.[2]

Plaintiffs respond that the focus of this factor is on non-party witnesses and that this district is more convenient for those witnesses. Plaintiffs point to OpsSec and Audible Magic, in California and Idaho, as having relevant witnesses on Plaintiffs' antipiracy endeavors. Plaintiffs contend that as this Court is many hundreds of miles closer to those witnesses, travel time and costs favor this district. Additionally, Plaintiffs point to five of Defendants' former employees in Missouri and Illinois with relevant knowledge of Defendants' copyright efforts, for whom this district is closer than EDNY. As to Defendants' witnesses, Plaintiffs' discovery has shown such witnesses are not based in New York and points to a director in Florida with knowledge of the potential infringement by subscribers. As to their own witnesses, Plaintiffs contend as to some plaintiffs their witnesses are in California or Tennessee.

The Court finds this factor weighs in favor of this district. While the Court acknowledges that many potential witnesses may be found in EDNY, they have not been named nor their

---

[2] The Court exhorts the parties to review the local rules. In particular, CV-7(b) and (c) which together provide that while *facts* relied upon in the briefing may be supported by exhibits filed with the briefing, "any briefing shall be contained in one document." The Court expects *all* arguments be made in the parties' briefing and not be hidden in the supporting exhibits, such arguments, such as *why* the logistics and flight make EDNY more convenient for the named third parties, are not properly before the Court.

relevance identified in the briefing. Defendants' argument simply asks the Court to speculate. *See* Dkt. No. 26 at 11-12. While Defendants claim that some ten individuals were deposed by another plaintiff in another case in the background of the motion, the Court is left to ask why Defendants' argument did not identify these witnesses. However, even weighing these witnesses in favor of EDNY, Plaintiffs have identified key third-party witnesses for whom this district is more convenient. Witnesses in California, Idaho, and Missouri are closer to this district than to EDNY. Nor have Defendants made any showing that EDNY is still more convenient despite this Court's closer proximity. As such the Court will apply the 100-mile rule and find these witnesses weigh in favor of this district.

### d. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of related suits involving the same or similar issues may create practical difficulties that will weigh in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 F. App'x. 295 (Fed. Cir. 2011).

The parties briefing on this issue focused on a similar case filed against Defendants in this district. While far from dispositive, that fact does weigh somewhat against transfer.

### e. The Administrative Difficulties Flowing from Court Congestion

Defendants contend that while the average time to trial in this district is less than a third of that in EDNY, this factor favors EDNY because the average time from filing a motion to disposition is longer. Defendants further point to the "weighted filings" being somewhat lighter in EDNY.

The law does not support Defendants' argument. While defendants may believe that delaying trial for years is of no consequence and does not demonstrate significant congestion since certain motions are addressed somewhat more quickly, this is plainly incorrect. The disposition of individual motions is largely inconsequential in light of the disposition of the entire case through trial being so much faster, according to Defendants' statistics. This factor weighs against transfer.

### f. The Local Interest in Having Localized Interests Decided at Home

Defendants argue EDNY has a localized interest in this case while EDTX has none. First, Defendants argue the alleged wrong was not committed in Texas but in New York where the copyright notices were sent and Defendants made their decisions regarding them. While Defendants provide internet in Texas, Defendants argue this is not a localized interest because the same is true across the country.

Plaintiffs respond that this district has a strong interest in this case. Plaintiffs contend Defendants have fostered deep community ties to this district pointing to public statements regarding the focus of Defendants on Texas generally and the size of Defendants' investment in the state. Plaintiffs further argue these ties are relevant to this case where it is Texas employees that handle communications with subscribers regarding the notices sent by Plaintiffs.

The Court finds this factor somewhat favors transfer. Here there are alleged two material wrongdoings. First, the direct infringement of Plaintiffs copyrights by subscribers. This is alleged to occur in Texas but not exclusively. As such the local interest in this wrongdoing is neutral. Second, the indirect infringement allegedly committed by Defendants. This wrongdoing occurs wherever Defendants provide services but also has an epicenter where Defendants make the relevant decisions. As such there is a slight local interest for this wrongdoing in EDNY, where Defendants allege such decisions were made.

### g. Remaining Public Interest Factors

The parties agree that the remaining public interest factors are neutral. As such, the Court finds these factors are neutral.

### h. Weighing of the Factors

In view of the foregoing factors, the Court must determine whether the Eastern District of New York is "clearly more convenient" than the Eastern District of Texas. The Fifth Circuit has been careful to emphasize that district courts should not merely engage in a "raw counting" exercise which tallies up the factors favoring transfer and the factors militating against transfer. *In re RadmAX, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). Instead, the Court must make factual determinations to ascertain the degree of actual convenience, if any, and whether such rises to the level of "clearly more convenient." *See id*. Having weighed the foregoing factors, the Court concludes that Defendants have not shown that the Eastern District of New York is "clearly more convenient."

## III. CONCLUSION

The Court therefore **DENIES** Defendants' Motion for the reasons provided above.

**SIGNED this 15th day of September, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE