**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WARNER RECORDS, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALTICE USA, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-00576-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL PLAINTIFFS' INTERROGATORY RESPONSES**

## INTRODUCTION

Altice hereby files this reply brief pursuant to the Court's order permitting Plaintiffs an additional week to respond to Altice's motions to compel (Dkt. 85 & 86) in order to assess the Fifth Circuit's intervening decision, *UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, No. 23-50162, 2024 WL 4449684 (5th Cir. Oct. 9, 2024) ("*Grande*"), and Altice a reply brief. Dkt. 92. Altice disagrees in many respects with Plaintiffs' response, including its characterizations of the allegations, the law, and the state of discovery, though, consistent with the Court's order, limits this submission to "address any new arguments or issues raised by the *Grande* decision." *Id.*

## ARGUMENT

Plaintiffs raised the Fifth Circuit's *Grande* decision in their response with respect to one request in Altice's motion—Interrogatory No. 4, which seeks the following:

> Identify which Copyright Works asserted by You were first issued or released together on or as parts of albums or compilations, including for each the (i) name of the corresponding album or compilation and (ii) the date the album or compilation was first issued or released.

*See* Dkt. 86-1.

As set forth below, the Fifth Circuit's decision in *Grande* obviates the need for all of the information sought by Interrogatory No. 4, so Altice has proposed to Plaintiffs a compromise that significantly narrows the request and promotes judicial efficiency by focusing the issues for resolution on the merits.

In *Grande*, the Fifth Circuit unequivocally held that individual sound recordings registered together on the same U.S. Copyright Office registration certificate (i.e., sharing the same registration number, as set forth in Plaintiffs' list of works-in-suit attached to the Complaint) or as works made-for-hire (i.e., designated as such on the registration certificate) are

parts of compilations and therefore not entitled to separate awards of statutory damages. *See Grande*, 2024 WL 4449684, at *18-19. Rather, Plaintiffs are entitled to only one award per compilation (i.e., one award per unique registration number). *Id*. The Fifth Circuit properly applied the Copyright Act's plain language. *Id.* at *19 ("The statute unambiguously instructs that a compilation is eligible for only one statutory damage award, whether or not its constituent works are separately copyrightable. Thus, the district court erred in holding that each individual song in a compilation was eligible for a statutory damage award.").

The Fifth Circuit's ruling is consistent with how Altice argued in its motion that the law should be applied in this case. Dkt. 86 at 3-5. However, as Altice also noted in its motion as the basis for this interrogatory, certain courts (including at Plaintiffs' urging) have departed from this plain reading, and applied various tests that result in each part of a compilation (i.e., each sound recording registered with other sound recordings on a single registration certificate) being entitled to separate awards of statutory damages. *Id.* at 4. Certain of these other courts have looked to how the work was first released or otherwise exploited. *Id.* ("The clear language of the Copyright Act and court decisions notwithstanding, Plaintiffs and other rights holders have taken the position in other litigations that individual tracks on an album should be entitled to separate awards, citing to various decisions in which certain courts have found the nature in which the plaintiffs released and/or exploited the works to be relevant to this determination."). Indeed, as Plaintiffs make clear, they are seeking *en banc* review in order to have the Fifth Circuit adopt such a rule. Dkt. 93 at 2, n.1.

In light of the Fifth Circuit's clear ruling in *Grande*, Altice has proposed to Plaintiffs the following compromise to resolve Interrogatory No. 4:

Altice would agree to withdraw Interrogatory No. 4 without prejudice if Plaintiffs agree to stipulate to which of their pre-1972 sound recordings-in-suit were issued as parts of albums and are therefore considered parts of compilations for purposes of Section 504(c)(1) of the Copyright Act. *See* Ex. A (proposed stipulation).[1]

Based on Plaintiffs' Complaint, out of the 6,706 sound recordings-in-suit, only 175 were issued prior to 1972. *See* Dkt. 1-1 (the works in the column titled "Copyright Registration No." that state "Pre-1972 Sound Recording"). Sound recordings issued prior to 1972 could not be registered with the U.S. Copyright Office and, accordingly, do not have copyright registration numbers. *See* 17 U.S.C. § 301(c) ("[N]o sound recording fixed before February 15, 1972, shall be subject to copyright under this title.").[2] For these 175 recordings, Altice thus cannot use the fact that recordings were registered together on the same U.S. Copyright Office certificate or as works "made for hire" to establish that they are parts of compilations, as instructed by the Fifth Circuit's *Grande* opinion. *See Grande*, 2024 WL 4449684, at *18 ("The works' certificates of registration—which are 'prima facie evidence ... of the facts stated' therein, 17 U.S.C. § 410(c)—bear numerous hallmarks of compilations.").

To the extent that these pre-1972 recordings were released as parts of compilations (i.e., albums), which appears to be the case based on Altice's analysis as reflected in its proposed stipulation (*see* Ex. A), the Fifth Circuit's *Grande* holding would equally apply notwithstanding

---

[1] Altice's offer to withdraw this request in exchange for the proposed stipulation is without prejudice, should the law change, either upon a Fifth Circuit *en banc* review or by the United States Supreme Court.

[2] In 2018, Congress enacted the Music Modernization Act that provides in part that pre-1972 sound recordings are entitled to statutory damages, so long as the copyright owner complied with certain requirements. Altice takes no position on whether Plaintiffs have complied with such requirements and are otherwise entitled to statutory damages for these works. That is an issue that will be addressed in connection with merits proceedings.

the lack of U.S. Copyright Office registrations. This is because, where "the record evidence indicates … works in suit are compilations (albums) comprising individual works (songs)[,] [t]he statute unambiguously instructs that a compilation is eligible for only one statutory damage award … ." *Grande*, 2024 WL 4449684, at *19.

Altice's proposed compromise substantially narrows the scope of the information that it seeks with Interrogatory No. 4, requiring Plaintiffs merely to confirm which of the 175 pre-1972 works were issued on which albums identified in Altice's proposed stipulation.[3] This is information that Altice otherwise would seek through written discovery or deposition testimony, so addressing this now through a factual stipulation promotes efficiency by narrowing issues for resolution on the merits.

## CONCLUSION

Based on the foregoing, Altice respectfully requests that the Court grant the relief set forth above.

Dated: October 25, 2024

Respectfully submitted,

By: */s/ Michael S. Elkin*

| | |
|---|---|
| Claire A. Henry | Michael S. Elkin* |
| State Bar No.: 24053063 | Krishnan Padmanabhan* |
| MILLER FAIR HENRY PLLC | Sean R. Anderson* |
| 1507 Bill Owens Parkway | WINSTON & STRAWN LLP |
| Longview, TX 75604 | 200 Park Avenue |
| (903) 757-6400 | New York, NY 10166 |
| claire@millerfairhenry.com | (212) 294-6700 |
| | melkin@winston.com |
| Thomas M. Melsheimer | |
| State Bar No.: 13922550 | Jennifer A. Golinveaux* |
| WINSTON & STRAWN LLP | WINSTON & STRAWN LLP |
| 2121 N. Pearl Street, Suite 900 | 101 California Street, 35th Floor |
| | San Francisco, CA 9411 |

---

[3] To the extent that Plaintiffs amend the list of works-in-suit, as they have reserved the right to do, including under the Docket Control Order (Dkt. 45), Altice would request that Plaintiffs supplement the stipulation to account for any additional or different pre-1972 sound recordings.

– 5 –

Dallas, TX 75201  
(314) 453-6500

Sean H. Suber*  
WINSTON & STRAWN LLP  
35 W. Wacker Dr.  
Chicago, IL 60601  
(312) 558-5600

Clement S. Roberts*  
ORRICK HERRINGTON & SUTCLIFFE LLP  
405 Howard Street  
San Francisco, CA 94015  
(415) 773-5700

(415) 591-1506

Diana Leiden*  
WINSTON & STRAWN LLP  
333 South Grand Avenue, 38th Floor  
Los Angeles, CA 90071  
(213) 615-1700

Christopher J. Cariello*  
ORRICK HERRINGTON & SUTCLIFFE LLP  
51 West 52nd Street  
New York, NY 10019  
(212) 506-5000

Mark S. Puzella*  
David Hosp*  
Sheryl Garko*  
Laura Najemy*  
ORRICK HERRINGTON & SUTCLIFFE LLP  
222 Berkely Street, Suite 2000  
Boston, MA 02116  
(617) 880-1801

*Attorneys for Defendants Altice USA, Inc. and CSC Holdings, LLC*

*Pro Hac Vice

## CERTIFICATE OF SERVICE

I certify that on October 25, 2024 a true and correct copy of the foregoing was filed with the Court via CM/ECF, which will send a notice of electronic filing to the parties of record.

/s/ *Michael S. Elkin*
Michael S. Elkin