# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALTICE USA, INC. et al.,<br><br>    Defendants. | Case No. 2:23-cv-00576-JRG-RSP |

## MOTION FOR LEAVE TO FILE AN ANSWER PURSUANT TO
## FED. R. CIV. P. 6(b)(1)(B)

Defendants, through their undersigned counsel, respectfully request leave to file an answer to Plaintiffs' Complaint after the time to do so has expired. Defendants request leave to file their answer by November 4, 2024, which is four business days from the date of this motion and 24 calendar days from the current October 11, 2024 deadline. Defendants do not make this request lightly. This request is made with good cause, as Defendants' failure to timely file an answer was due to mistake and inadvertence as set forth below. Defendants further submit that the requested relief will not prejudice Plaintiffs, as Defendants identified their primary defenses and positions in initial disclosures, served on May 3, 2024, and the parties are in the midst of actively conducting extensive written and document discovery with more than 19 weeks remaining before the close of all fact discovery. Further, the requested relief will not otherwise impact the Court's schedule. Defendants respectfully request that leave be granted pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

## FACTUAL BACKGROUND

On December 7, 2023, Plaintiffs filed their Complaint. Dkt. 1. On January 29, 2024, Altice timely filed a motion to dismiss Plaintiffs' Complaint. Dkt. 25. On September 12, 2024, the Court entered a Report and Recommendation, recommending denial of that motion. Dkt. 75. On September 26, 2024, Altice timely filed objections to the Report and Recommendation. Dkt. 84. On September 27, 2024, the Court overruled Defendants' objections, adopted the Report and Recommendation, and denied the motion to dismiss (the "Order"). Dkt. 87. Defendants' deadline to file an answer to the Complaint was October 11, 2024. *See* Fed. R. Civ. P. 12(a)(4)(A).

On October 29, 2024, Defendants' counsel discovered that, due to an administrative oversight, Defendants' deadline to file an answer following the issuance of the Order had not been calendared in the firm's docketing system. This was due to the fact that the Order was not properly entered as a denial of a motion to dismiss thereby triggering a response date under Federal Rule of Civil Procedure 12(a)(4)(A). Defendants' counsel has since remedied the issue that caused this oversight and addressed the failure to otherwise capture this deadline until October 29, 2024. The undersigned takes full responsibility for this oversight, which was the result of mistake and inadvertence and in no way an intentional act to cause delay or otherwise prejudice Plaintiffs.

Immediately upon discovering this issue, Defendants' counsel also contacted Plaintiffs' lead counsel by telephone, explained the basis for the instant motion, and requested Plaintiffs' position on the requested relief. Defendants' counsel stated that they intended to file this motion that same day, so as to not cause further delay, and requested Plaintiffs' position by close of business if possible. Plaintiffs later responded that they do not consent to Defendants' request at this time.

## ARGUMENT

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "the court may, for good cause, extend the time [to answer] … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect encompasses late filings that were due to mistake, inadvertence or carelessness and not to bad faith." *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (quotation and alterations omitted). "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." 4B Wright & Miller, § 1165. "In deciding whether to grant relief under Rule 6(b)(1)(B), courts also consider the length of delay and prejudice to other parties." *Akoloutheo, LLC v. Sys. Soft Techs., Inc.*, 2021 WL 3287611, at *1 (E.D. Tex. Aug. 2, 2021) (citation omitted).

Here, Defendants respectfully submit they have established good cause for the requested relief, as the failure to timely file an answer was the result of mistake and inadvertence. As set forth above, due to human and software error, the Order was not properly docketed as an order denying a motion to dismiss thereby triggering the deadline to file a responsive pleading. *See, e.g.*, *Akoloutheo, LLC*, 2021 WL 3287611, at *1-2 (granting the defendant's motion for leave to file an answer when its one-month delay in filing was due to "non-willful error"); *Pritchett v. Philadelphia Indem. Ins. Co.*, 2022 WL 22380784, at *2 (N.D. Tex. Dec. 27, 2022) (granting the defendant's motion for leave to file an answer when its four-month delay was due to inadvertent "scheduling error," finding that there was "no evidence of bad faith"). Defendants' counsel takes full responsibility for this oversight, including not otherwise recognizing the missed deadline sooner. Defendants' counsel has remedied the issue that caused this docketing oversight so that it will not occur again.

Further, Defendants respectfully submit that granting leave to file an answer by November 4, 2024 will not cause prejudice to Plaintiffs, which further supports the requested relief. Currently, the parties are in the midst of written and document discovery based on claims and defenses, including anticipated affirmative defenses, identified in the context of initial disclosures and discovery negotiations. There are more than 19 weeks remaining in fact discovery following the date that Defendants request to file their answer. Under these circumstances, courts have found good cause to grant requests otherwise based on excusable neglect. *See, e.g.*, *Parker v. Bill Melton Trucking, Inc.*, 2016 WL 1750643, at *2-3 (N.D. Tex. May 3, 2016) (granting the defendant's motion for leave to file an answer when its approximately five-month delay was due to a failure to properly calendar the filing deadline, finding that the plaintiff had sufficient time to remedy any prejudice with additional discovery, as the discovery deadline was months away). By contrast, the prejudice to Defendants in striking an untimely answer would be immense given that the parties have been actively litigating their claims and defenses for nearly a year. *See, e.g.*, *Akoloutheo, LLC*, 2021 WL 3287611, at *1-2 (granting leave upon a showing of good cause and where the prejudice to the defendant outweighed any prejudice to the plaintiff).

Further, leave should be granted because the filing of an answer by November 4, 2024 will not impact any other scheduling deadlines for this case. *See, e.g.*, *Pritchett*, 2022 WL 22380784, at *2 (finding good cause where relief would "not impact scheduling deadlines"); *Parker v. Bill Melton Trucking, Inc.*, 2016 WL 1750643, at *2-3 (N.D. Tex. May 3, 2016) (similar). Here, as noted above, fact discovery does not close until March 19, 2025, and the parties have been actively engaged in written and document discovery for several months. Email discovery and depositions have not yet commenced, though are expected to in the coming months. In addition, the filing of

4

the answer by November 4, 2024 will not have any impact on expert discovery, dispositive motions, or the Court's trial schedule, all of which are many months away.

Defendants respectfully submit that there is good cause to grant the requested relief. The record demonstrates that Defendants' failure to timely file an answer was due to mistake and inadvertence and in no way intended to delay this case or prejudice Plaintiffs. Given Defendants' active participation in this case and the lack of any prejudice to Plaintiffs or disruption of the Court's schedule, Defendants respectfully request that the relief be granted.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant them leave to file an answer to the Complaint by November 4, 2024, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

Dated: October 29, 2024

Respectfully submitted,

By: /s/ Michael S. Elkin

Claire A. Henry
State Bar No.: 24053063
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400
claire@millerfairhenry.com

Thomas M. Melsheimer
State Bar No.: 13922550
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(314) 453-6500

Sean H. Suber*
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600

Michael S. Elkin*
Krishnan Padmanabhan*
Sean R. Anderson*
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
melkin@winston.com

Jennifer A. Golinveaux*
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 9411
(415) 591-1506

Diana Leiden*
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1700

Clement S. Roberts*
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94015
(415) 773-5700

Christopher J. Cariello*
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

Mark S. Puzella*
David Hosp*
Sheryl Garko*
Laura Najemy*
ORRICK HERRINGTON & SUTCLIFFE LLP
222 Berkely Street, Suite 2000
Boston, MA 02116
(617) 880-1801

*Attorneys for Defendants Altice USA, Inc. and CSC Holdings, LLC*

*Pro Hac Vice*

## CERTIFICATE OF GOOD FAITH CONFERENCE

I, Michael S. Elkin, lead counsel for Defendants, state that Sean R. Anderson, counsel of record for Defendants, spoke with Jeffrey M. Gould, lead counsel for Plaintiffs, on October 29, 2024, by telephone, explained the basis for the instant motion, and requested their position on the requested relief. Defendants stated that they intended to file this motion that same day, so as to not cause further delay, and requested Plaintiffs' position by close of business if possible. Plaintiffs later responded that they do not consent to Defendants' request at this time. I certify that Defendants have complied with Local Rule CV-7(h). Plaintiffs do not currently consent to the present motion.

*/s/ Michael S. Elkin*
Michael S. Elkin

## CERTIFICATE OF SERVICE

I certify that on October 30, 2024, a true and correct copy of the foregoing was filed with the Court via CM/ECF, which will send a notice of electronic filing to the parties of record.

*/s/ Michael S. Elkin*
Michael S. Elkin
