# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS INC. et al., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> ALTICE USA, INC. AND CSC ) <br> HOLDINGS, LLC, ) <br> ) <br> Defendants. ) | Case No. 2:23-cv-00576-JRG-RSP |

## [PROPOSED] STIPULATED E-DISCOVERY ORDER

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include the following metadata fields, if such metadata is available:

    (a) Document Begin;
    (b) Document End;
    (c) Attachment Begin;
    (d) Attachment End;
    (e) Author;

      (f) From;
      (g) To;
      (h) CC;
      (i) BCC;
      (j) Subject/Title;
      (k) Date/Time Sent;
      (l) Date/Time Received;
      (m) Date/Time Created;
      (n) Date/Time Last Modified;
      (o) Custodian;
      (p) File Extension;
      (q) MD5 Hash Value;
      (r) Confidentiality Designation;
      (s) File Name;
      (t) Last Author;
      (u) Native File Path (for natives only);
      (v) All Custodians;
      (w) Hidden content;
      (x) File path (original); and
      (y) Conversation ID.

5.    Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    A.    **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Document family information shall be provided in the DAT file that accompanies the production.

    B.    **Text-Searchable Documents**. Except with regard to ESI documents that are redacted for privilege, the images shall be accompanied by text files containing the extracted text on a document basis, if available. For those documents that are

redacted, the images should be accompanied by text files containing the non-redacted extracted text. Text files shall be accompanied by a Control List File ("LST") or some similar means for correlating each produced documents with its text file.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E. **Native File Exceptions.** To the extent a producing party produces spreadsheets (such as Excel files), PowerPoints, CAD or similar engineering drawings or schematics, video, animation or audio files, or documents otherwise unviewable in the standard format discussed above, such documents shall be produced in their Native Format. Native format files shall be labeled with a Bates prefix, a sequential number, and original file extension, and may contain an abbreviated designation under the confidentiality agreement. For example, a native format file named "123.xls" with Bates label WAR_ALT000001 would be named "WAR_ALT000001.XLS". Where documents produced natively are displaced from the production TIFF images of the documents with which they are kept in the ordinary course of business, the parties shall produce a Bates-numbered TIFF placeholder image, and associate the displaced native document with that Bates

number. Where no TIFF placeholder image is possible for a given document, notification should be made in advance to all parties.

F. **Third-Party Software**. To the extent that documents produced pursuant to this order cannot be rendered or viewed without the use of proprietary or third-party software, the parties shall meet and confer to minimize any expense or burden associated with the production of such documents in an acceptable format, including issues as may arise with respect to obtaining access to any such software and operating manuals which are the property of a third party.

G. **No Backup Restoration Required.** Consistent with Federal Rule of Civil Procedure 26(b)(2)(B), absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations pursuant to this order.

H. **Voicemail and Mobile Devices.** Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

I. **Electronic Correspondence Production Format.** Electronic correspondence shall be produced at an individual message level, as detailed herein. "Electronic correspondence" includes electronic communications such as electronic chats, instant messaging or message board posts, and excludes e-mails. To identify responsive electronic correspondence, the parties shall review the ten (10) messages preceding and ten (10) messages following all messages that hit on any agreed-upon search parameters, as detailed in Paragraphs 8 and 9. For the

avoidance of doubt, if there are fewer than ten (10) messages preceding and/or following a message that hits on an agreed-upon search parameter in a given 24-hour period, the parties need only review such existing preceding and/or following messages in the 24-hour period.  The parties shall produce all relevant messages along with any surrounding messages that provide necessary context to understand such messages, provided that those messages are not clearly irrelevant or of a strictly personal nature.  All messages shall be produced with appropriate metadata to enable the receiving party to link all individual messages in a conversation. All produced messages shall be produced in TIFF or RSMF/Native format with the following metadata fields, to the extent available:

    i.    Document Begin
    ii.    Document End
    iii.    Attachment Begin
    iv.    Attachment End
    v.    Custodian
    vi.    All Custodian
    vii.    MD5 Hash Value
    viii.    Confidentiality Designation
    ix.    Message Date/Time
    x.    Message Subject
    xi.    Message Participants
    xii.    Message Sender
    xiii.    Message Recipients

6. If a producing party contends that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that party shall timely identify such ESI with reasonable particularity and shall provide the receiving party with the basis for declining to produce such ESI, including but not limited to information about the nature of any limitations on access, the likely costs that might be incurred in producing such ESI, the method used for storage of such ESI (e.g., the type of system used to store the ESI) and

the places in which such ESI is kept. The parties shall negotiate in good faith concerning the production of any such ESI.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include electronic mail ("e-mail") or other forms of electronic correspondence, including electronic chats, instant messaging, or message board posts. To obtain e-mail or electronic correspondence, parties must propound specific e-mail and electronic correspondence production requests by complying with the procedures outlined in Paragraphs 8 and 9 below.

8. For parties, e-mail and electronic correspondence production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame to facilitate the production of relevant documents.

    A.    Plaintiffs shall limit their initial list of Defendant custodians for such e-mail and electronic correspondence productions to eight (8) custodians for the Defendants.[1] Following the production of relevant e-mails and/or electronic correspondence from these initial custodians, and the review of other documents and information disclosed during discovery, Plaintiffs may request up to two (2) additional Defendant custodians without leave of Court, for a total of ten (10) Defendant custodians.

---

[1] There are five Party Groups, which are as follows: (1) the "Warner Music Plaintiffs," as defined in paragraph 34 of the Complaint; (2) the "Sony Music Entertainment Plaintiffs," as defined in paragraph 43 of the Complaint; (3) the "Warner Chappell Plaintiffs," as defined in paragraph 54 of the Complaint; (4) the "Sony Music Publishing Plaintiffs," as defined in paragraph 73 of the Complaint (together, the "Plaintiff Party Groups"); and (5) Altice USA, Inc. and CSC Holdings, LLC (together, the "Defendants").

        B.        Defendants shall limit their initial list of Plaintiff custodians for such e-mail and electronic correspondence productions to five (5) custodians per producing Plaintiff Party Group. Following the production of relevant e-mails and/or electronic correspondence from these initial custodians, and the review of other documents and information disclosed during discovery, Defendants may request up to two (2) additional custodians per Plaintiff Party Group without leave of Court, for a total of seven (7) custodians per Plaintiff Party Group.

        C.        Either side may object in good faith to a custodian on the basis that that custodian is not reasonably likely to have material, non-duplicative, responsive documents. The Parties may agree to modify the limits in this paragraph without the Court's leave.  If agreement cannot be reached, the Court shall consider contested requests for additional or fewer custodians for one or more producing sides, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9.        Each side will negotiate the amount of search terms in good faith. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or

        phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. Notwithstanding anything to the contrary contained above, all documents produced in connection with Plaintiffs' motion to compel discovery from Defendants concerning *BMG Rights Mgmt. (US) LLC et al. v. Altice USA, Inc. et al.*, No. 2:22-cv-471-JRG (E.D. Tex.) (the "*BMG* Action"), *see* Dkt. Nos. 67, 68, 71, 73, shall be produced in the same manner and form as they were produced in the *BMG* Action.

11. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.