IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

WARNER RECORDS INC., *et al.*
  Plaintiffs,

v.

ALTICE USA, INC. and CSC HOLDINGS, LLC,

  Defendants.

Case No. 2:23-cv-576-JRG-RSP

**[PROPOSED] ORDER ON AGREEMENT REGARDING PERSONAL IDENTIFYING INFORMATION**

  Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Rykodisc, Inc., Warner Music Inc., Warner Music International Services Limited, Warner Music Nashville LLC, Warner Records/QRI Venture, Inc., Sony Music Entertainment, Arista Music, Arista Records, LLC, LaFace Records, LLC, Sony Music Entertainment US Latin LLC, Ultra Records, LLC, Volcano Entertainment III, LLC, Zomba Recording LLC, Warner Chappell Music, Inc., Cotillion Music, Inc., Gene Autry's Western Music Publishing Co., Golden West Melodies, Inc., Intersong U.S.A., Inc., Unichappell Music Inc., W Chappell Music Corp., W.C.M. Music Corp., Warner-Tamerlane Publishing Corp., Sony Music Publishing (US) LLC, Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music Inc., EMI Consortium Music Publishing, Inc., EMI Consortium Songs, Inc., EMI Entertainment World Inc., EMI Gold Horizon Music Corp., EMI

1

Miller Catalog Inc., EMI Mills Music Inc., EMI Robbins Catalog Inc., EMI U Catalog Inc., EMI UNART Catalog Inc., Famous Music LLC, Jobete Music Co., Inc., Screen Gems-EMI Music Inc., Stone Agate Music, and Stone Diamond Music Corp. (collectively, "Plaintiffs") and Defendants Altice USA, Inc. and CSC Holdings, LLC ("Defendants" or "Altice") (collectively, "Parties") submitted this Agreed Order regarding Plaintiffs' demand for Document Categories 77-79, which relate to the production of personal identifying information for certain Altice subscribers.

On February 7, 2025, Plaintiffs furnished a list of 100 account numbers relating to certain Altice subscribers ("Subscribers").  Plaintiffs represent that this list of Subscribers comprises certain Altice subscribers whom Altice identified in response to Plaintiffs' Interrogatory No. 1 and/or were the subject of RIAA or third party copyright notices.

In light of the Parties submitted agreement, the Court hereby ORDERS as follows:

1. Within seven (7) days of the Court's entry of this Order, Altice shall make reasonable efforts to notify each of the Subscribers of Altice's intent to disclose their name and contact information to Plaintiffs pursuant to this Order.

2. Such notice shall give the notified Subscribers an opportunity to seek relief from the Court within thirty (30) days.

3. If a notified Subscriber fails to object or seek such relief within thirty (30) days of Altice transmitting such notice, Altice shall, within two (2) business days, disclose to Plaintiffs, to the extent available, such Subscriber's name, telephone number, address, and e-mail address.  Such information shall be considered HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order in this case (ECF No. 51).