IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**WARNER RECORDS INC.,** *et al.*
    Plaintiffs,

v.

**ALTICE USA, INC. and CSC HOLDINGS, LLC**,

    Defendants.

Case No. 2:23-cv-576-JRG-RSP

## ADDENDUM TO PROTECTIVE ORDER

WHEREAS, Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Rykodisc, Inc., Warner Music Inc., Warner Music International Services Limited, Warner Music Nashville LLC, Warner Records/QRI Venture, Inc., Sony Music Entertainment, Arista Music, Arista Records, LLC, LaFace Records, LLC, Sony Music Entertainment US Latin LLC, Ultra Records, LLC, Volcano Entertainment III, LLC, Zomba Recording LLC, Warner Chappell Music, Inc., Cotillion Music, Inc., Gene Autry's Western Music Publishing Co., Golden West Melodies, Inc., Intersong U.S.A., Inc., Unichappell Music Inc., W Chappell Music Corp., W.C.M. Music Corp., Warner- Tamerlane Publishing Corp., Sony Music Publishing (US) LLC, Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music Inc., EMI Consortium Music Publishing, Inc., EMI Consortium Songs, Inc., EMI Entertainment World Inc., EMI Gold Horizon Music

Corp., EMI Miller Catalog Inc., EMI Mills Music Inc., EMI Robbins Catalog Inc., EMI U Catalog Inc., EMI UNART Catalog Inc., Famous Music LLC, Jobete Music Co., Inc., Screen Gems-EMI Music Inc., Stone Agate Music, and Stone Diamond Music Corp. (collectively, "Plaintiffs") and Defendants Altice USA, Inc. and CSC Holdings, LLC ("Defendants" or "Altice") (collectively "Parties") believe that certain information that is or will be encompassed by discovery demands by Altice to Plaintiffs related to certain non-party Digital Service Providers ("DSPs") involves the production or disclosure of trade secrets, commercially sensitive business information, or other proprietary information, warranting modifications to the existing protective order;

WHEREAS, the Court ordered Plaintiffs to produce certain agreements with the DSPs Spotify, Apple Music, Amazon, and Pandora ("DSP Agreements"), and for the Parties and the DSPs to work together to pursue an agreed-upon structure for the production to ensure adequate protection of the DSPs and Plaintiffs (the "DSP Order," Dkt. 131 at 3);

WHEREAS, based on Altice's representations regarding the meanings of the terms contained therein, Plaintiffs have agreed to abide by substantially the same terms and provisions contained in the Addendum to the Protective Order in the matter *BMG Rights Management LLC et al. v. Altice USA, Inc. et al.*, 2:22-cv-00471-JRG (E.D. Tex.) (ECF No. 133);

WHEREAS, the Parties ask that the Court to adopt the following Addendum to the Protective Order (Dkt. 51) to limit disclosure of the DSP Agreements and information contained therein in accordance with Federal Rule of Civil Procedure 26(c).

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  A producing party (here, Plaintiffs), including any Party to this action and any non-party producing information voluntarily or pursuant to a subpoena or court order, may designate any DSP Agreement, or any information related to DSP Agreements, that are subject to the DSP

Order as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION. The receiving party shall have the right to challenge any such designation pursuant to paragraph 15 of the Protective Order.

2.  Alternatively, in satisfaction of the DSP Order, Spotify may produce a sworn declaration describing material terms in its DSP Agreements relevant to Defendants' damages case, to be agreed upon in accordance with this Addendum (the "Spotify DSP Declaration"). The Spotify DSP Declaration may also be designated as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION. The receiving party shall have the right to challenge any such designation pursuant to paragraph 15 of the Protective Order. Spotify may only avail itself of this alternative if it abides by the following procedure outlined in the subparts to this paragraph. No other DSP shall avail itself of this alternative:

    a. The producing party and/or Spotify must first make the relevant DSP Agreements available on a secure online portal for viewing purposes only. The following requirements must be followed in connection with any secure online portal:

        (i) The producing party and/or Spotify shall provide the receiving Party with information explaining how to start, log onto, and operate the secure online portal.

        (ii) The producing party and/or Spotify will upload the DSP Agreements in computer searchable format on the secure online portal by no later than one business day after the Court's entry of this Addendum and will remain on the secure online portal for 30 calendar days thereafter.

        (iii) Access to the DSP Agreements on the secure online portal shall be limited to six (6) individual members of the outside counsel team of the receiving party, the three (3) employees of Defendants Altice USA, Inc. and CSC Holdings, LLC identified in Exhibit 1 to this Addendum, two (2) retained outside experts of the receiving party who have signed this protective order, and no more than two (2) members of each expert's team who have signed this Protective

        Order, who are engaged to assist in the compilation of the expert report (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of establishing or rebutting damages in this litigation.

    (iv)    No electronic copies, printouts, or photocopies of any DSP Agreements contained on the secure online portal may be made.

    (v)    No information about the content of DSP Agreements that is obtained through access to the secure online portal shall be disclosed by the receiving Party, except to persons identified in subparagraph (iii) above, and such information shall not be used for any purpose other than negotiating the Spotify DSP Declaration as provided in this Addendum.

b.    After making the relevant DSP Agreements available on a secure online portal, at the earliest available time after the receiving Party views the relevant agreement(s) in the viewing portal, Spotify will confer with the receiving Party to draft the Spotify DSP Declaration describing material terms of the DSP Agreements relevant to Defendants' damages case. Spotify and the Parties agree that the Spotify DSP Declaration will be fully admissible in the trial for this underlying litigation between the Parties. To the extent the Spotify DSP Declaration is found to be inadmissible for any reason, Spotify will produce the relevant DSP Agreements within five (5) business days of such determination under a RESTRICTED COMPETITIVELY SENSITIVE INFORMATION designation with redactions that comply with paragraph 7 of this Addendum. If a receiving Party and Spotify are unable to reach agreement on the contents of the Spotify DSP Declaration, the Parties and Spotify must promptly confer and use good faith to resolve any such objection to the Spotify DSP Declaration.

      c.      In the event that Spotify and the receiving Party are unable to agree on the contents of a DSP Declaration and are unable to resolve any such objection in good faith, the producing party (here, Plaintiffs), upon notice from the receiving Party, will produce the relevant DSP Agreements within three (3) business days, under a RESTRICTED COMPETITIVELY SENSITIVE INFORMATION designation with redactions that comply with paragraph 7 of this Addendum.

      d.      Notwithstanding anything in Paragraph 2(a)(ii), within two (2) business days after the production of the Spotify DSP Declaration or the DSP Agreements, the secure online portal containing the DSP Agreements will be terminated by Spotify and/or the producing party.

3.      Information designated as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION shall be treated as Protected Material under the Protective Order.

4.      For information designated as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION, access to such Protected Material shall be limited to the following persons:

      a.      Outside counsel referenced in paragraph 5(a) of the Protective Order, except that outside counsel shall only include attorneys who have appeared in this Action on behalf of a Party (and not any other outside counsel retained by a Party);

      b.      Individuals referenced in paragraph 5(b) of the Protective Order for outside counsel in paragraph 4(a) to this Addendum;

      c.      Damages experts referenced in paragraph 5(f) of the Protective Order;

      d.    Independent litigation support services referenced in paragraph 5(g) of the Protective Order;

      e.    Individuals and in-house counsel of Plaintiffs (or affiliate thereof) who are a signatory to a particular DSP Agreement, so long as those individuals and in-house counsel have been given permission to access the DSP Agreements as permitted by the terms of such DSP Agreement, but not for individuals or in-house counsel of Plaintiffs who are not a signatory to a DSP Agreement. For example, if Sony Music Entertainment or its affiliates are a signatory to a DSP Agreement, access to that DSP Agreement shall be limited only to authorized Sony Music Entertainment individuals; and

      f.    If necessary, individuals referenced in paragraph 5(h) of the Protective Order.

5.    Notwithstanding the forgoing, any expert report that incorporates aggregated information from DSP Agreements that are designated RESTRICTED COMPETITIVELY SENSITIVE INFORMATION may be disclosed to in-house litigation counsel for the Defendants identified in Exhibit 1 to this Addendum (and only those identified in Exhibit 1), and in-house litigation counsel for the Plaintiffs identified in Exhibit 1 to this Addendum (and only those identified in Exhibit 1, unless they are otherwise authorized to access RESTRICTED COMPETITIVELY SENSITIVE INFORMATION), provided that the expert report not cite or reference any specific agreement or any information from any specific agreement, and provided that in-house litigation counsel execute Exhibit A of the Protective Order agreeing to be bound by the terms of the Protective Order and provide a copy of the executed Exhibit A to all Parties and the DSPs. For the avoidance of doubt, if there are any specific substantive references to information (i.e., references to non-

aggregated information) that has been designated RESTRICTED COMPETITIVELY SENSITIVE INFORMATION contained in any expert report, such information will be redacted from the version provided to such in-house litigation counsel. In-house counsel for a Plaintiff that is a signatory to a DSP Agreement that are permitted to access RESTRICTED COMPETITIVELY SENSITIVE INFORMATION under paragraph 2(a)(iii) to this Addendum may still view unredacted versions of reports that include information from that Plaintiffs' DSP Agreements designated as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION.

      6.      The Parties shall identify to the non-party DSPs any person who signs Exhibit A to the Protective Order and would have access to the DSP Agreements and provide a copy of the executed Exhibit A. Upon such identification, the non-party DSPs will have the opportunity to object to the disclosure within three (3) calendar days.

      7.      In addition, the Parties to this action shall allow the non-party DSPs and/or the producing party Plaintiffs to redact the following portions of the DSP Agreements:

           a.      Personal identifying information of employees, including the names of employees of non-party DSPs;

           b.      Names of foreign entities not related to exploitation in the United States;

           c.      Releases of legal claims;

           d.      Provisions related to third-party vendors;

           e.      Business or technical terms that do not accrete financial benefits (e.g., advances, minimum guarantees, minimum royalties, territorial restrictions, and exclusivity provisions);

           f.      Financial terms that do not relate to exploitation of works in the United States, including financial terms related to foreign exploitation.

In the event that a DSP seeks to redact any other type of information, it shall meet and confer with counsel for the Parties and attempt to resolve such dispute expeditiously and without Court intervention.

8. If any Party intends to discuss or disclose information designated as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION in a deposition, hearing, or at trial, the Party must first inform the participants of the deposition, hearing, or trial prior to disclosure so that the court reporter may designate the transcript as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION; in order to remove any individuals not authorized to access RESTRICTED COMPETITIVELY SENSITIVE INFORMATION from the deposition, hearing, or trial, including sealing the courtroom; and to otherwise provide the Parties an opportunity to object. Plaintiffs agree that they shall put forward a corporate designee to testify concerning any DSP Agreement to which they are a party, subject to Plaintiffs' objections and responses to Defendants' Rule 30(b)(6) notice, and that Altice shall be in no way limited from showing such DSP Agreement to such witness.

9. The Parties may designate and redact a transcript as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION as set forth in paragraph 12 of the Protective Order, including for trial transcripts.

10. Notwithstanding the requirements set forth in paragraph 19 of the Protective Order, upon final termination of this Action, all Parties shall destroy all documents designated RESTRICTED COMPETITIVELY SENSITIVE INFORMATION within fourteen (14) days and shall destroy all expert reports containing information within documents designated RESTRICTED COMPETITIVELY SENSITIVE INFORMATION within fourteen (14) days. Upon

destruction, Parties will certify to each DSP that all documents designated RESTRICTED COMPETITIVELY SENSITIVE INFORMATION has been destroyed.

**SIGNED this 7th day of March, 2025.**

```
_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE
```

## **Exhibit 1**

<u>Plaintiffs:</u> Brad Cohen, Elaine Nguyen (on behalf of the Warner Music Plaintiffs); Tim Meade, Danielle Chollette (on behalf of the Warner Chappel Plaintiffs); David Jacoby, Brooke Ford (on behalf of the Sony Music Entertainment Plaintiffs); and David Pryzgoda, Michael Abitbol (on behalf of the Sony Music Publishing Plaintiffs).

<u>Defendants:</u> Elana Beale, Michael Olsen, and William Heberer.