IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS INC. et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>ALTICE USA, INC. AND CSC )<br>HOLDINGS, LLC, )<br>)<br>Defendants. ) | Case No. 2:23-cv-00576-JRG-RSP |

**PLAINTIFFS' OPPOSITION TO DEFENDANT ALTICE'S MOTION**

I.     INTRODUCTION

Defendants' motion to compel and to strike certain requests for admission ("RFAs") (Dkt. No. 142) ("Motion") should be denied. Before the Motion was filed, contrary to Defendants' representations, Plaintiffs indicated to Defendants that they would supplement RFA responses to address Defendants' concerns. Plaintiffs have done as they said they would and, on March 20, 2025, Plaintiffs supplemented fourteen RFAs: 1, 2, 3, 4, 6, 9, 11, 12, 13, 17, 19, 20, 21, and 22. Plaintiffs' original RFA responses were proper, but the supplement resolves Defendants' issues, and the parties can proceed. This leaves four RFAs from the Motion—RFAs 7, 8, 14, and 23. As explained below, Plaintiffs' answers to these RFAs are proper.

Generally, Plaintiffs do not believe that Altice's RFAs, including RFAs Plaintiffs have answered, are proper RFAs for trial. Often, they seek admissions regarding whether Plaintiffs (or third parties) brought other lawsuits, the effects of such suits, or if legal process to seek discovery was used prior to this case. Plaintiffs will raise these issues at the pretrial conference.

II.    ARGUMENT

    A.     **RFA 7 – Admit that You[1] are not aware of any Altice[2] subscriber that has been found by a court or other tribunal to have infringed copyrights using Altice's internet service during the Discovery Period.[3]**

    **Plaintiff's response:** Plaintiffs have no way of knowing whether any Altice subscriber has been found by a court or other tribunal to have infringed copyrights using Altice's internet service during the Discovery Period because the identities

---

[1] Defendants defined this term as "each responding Plaintiff, including any of its past and present predecessors, successors, affiliates, operating divisions, parent corporations, subsidiaries, joint ventures, partners, directors, officers, agents, employees, representatives, and all Persons acting on its behalf."

[2] Defendants defined this term as "Altice USA, Inc. and CSC Holdings, LLC and/or any of its or their representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the foregoing entities."

[3] Defendants defined this term as "time period from December 1, 2019 to December 7, 2023."

of Altice subscribers are exclusively within Altice's possession, custody, and control, and as such, Plaintiffs cannot admit nor deny this RFA.

Plaintiffs stand by their response and their separate objection that this RFA is unduly burdensome. As the response explains, Altice did not provide a list of its subscribers during the Discovery Period. Without that information, Plaintiffs cannot confirm whether or not they have an awareness of whether specific individuals "ha[ve] been found by a court or other tribunal to have infringed copyrights…." Plaintiffs' response is accurate and proper, explaining why the RFA cannot be truthfully answered or denied. *See* FED. R. CIV. P. ("Rule") 36(a)(4).

Altice's limited argument (Mot. at 6) is that, because Altice failed to provide sufficient information to allow Plaintiffs answer this RFA—the identities of Altice's customers—Plaintiffs must answer that they are "not aware." This "gotcha" position does not fit with what Altice's RFA asks, and Altice provides no authority that Rule 36 operates as Altice implies. This also highlights Plaintiffs' issues with Altice's RFAs. This is not an attempt to seek a useful admission. It is, apparently, an attempt to disguise a discovery issue as an admission.

If Altice had provided sufficient information, Plaintiffs would still have to object to burden. Altice had millions of subscribers in each year of the Discovery Period, and the exercise of determining whether Plaintiffs—across their entities—had any awareness of millions of subscribers would be a material exercise for no proportionate purpose. Altice has not produced relevant discovery on its own knowledge of its own customers to tee this issue up for trial, including failing to produce notices of suit or government complaints for each of its customers.

> B.  **RFA 8 – Admit that You did not initiate a lawsuit against any creator, host, and/or distributor of a P2P client, application, or program (such as uTorrent, Gnutella, eDonkey, Ares, etc.) at any point during the Discovery Period.**
>
> **Plaintiff's response:** Plaintiffs have no way of knowing the identities of creators, hosts, and/or distributors of P2P clients, applications, or programs during the Discovery Period, Altice has not identified any, and as such, Plaintiffs cannot admit nor deny this RFA.

Plaintiffs stand by their response and their separate objection that this RFA is unduly burdensome. This is a vague and irrelevant interrogatory wrapped in an RFA. It asks whether Plaintiffs have ever taken 1) a vague category of actions—"initiate[d] a lawsuit"—against; 2) a vague category of individuals or entities—"any creator, host, and/or distributor"— related to; 3) a vague category of things—"P2P clients, applications, or programs." As Plaintiffs responded, without a specific identification of persons/entities and/or specific things, Plaintiffs' cannot answer this RFA. The language provided by Defendants is too vague to be workable. As a rough illustration, Plaintiffs would first have to determine what is meant by "a P2P client, application, or program," and then identify all software meeting that definition. Then, Plaintiffs would have to determine what it means to be "creator, host, and/or distributor," of such software and somehow identify all of these entities as well. As a general matter, P2P clients, applications and programs are often open-source applications and/or protocols with countless developers and related networks and clients over the decades; the identities of all such developers are unknown and the RFA fails to identify any of them. For the four P2P protocols/clients listed as examples in this RFA, most have multiple client variants (e.g., uTorrent, Gnuetella, eDonkey) and, at least at one point, were open source and available to anyone to download, modify, host, and/or distribute. In a broad sense, this RFA potentially could encompass most companies and devices associated with the Internet.

Altice's Motion does not specifically address this RFA, but it does take the position that "it is not Altice's burden" to "'identif[y] any' creators, hosts, or distributors of P2P applications." (*See* Mot. at 6.) Plaintiffs disagree. If Altice gave a concrete list, this RFA would be tractable, though it may still be unworkable depending on the volume of persons or entities identified. For RFA 9, Altice asked for an admission that Plaintiffs had not initiated suit against a specific entity, and Plaintiffs answered.

3

    **C.**    **RFA 14 – Admit that a Notice of Alleged Infringement[4] sent with respect to a particular IP address does not specifically identify the individual using that IP address who engaged in the conduct alleged in the Notice.**

**Plaintiff's response:** Plaintiffs cannot admit or deny this RFA because it seeks information about the contents of third parties' Notices of Alleged Infringement.

Plaintiffs stand by their response and their separate objection that this RFA is unduly burdensome. This RFA asks a broad theoretical question about a hypothetical on unknown facts. There are, at least, two substantive problems with this RFA. First, the RFA does not ask a question about the contents of specifically listed "Notice[s] of Alleged Infringement." Instead, it asks about all such notices, apparently that have ever been sent by any party. Plaintiffs do not have access to all such notices (likely in the 10s to 100s of millions), as many notices are sent by third parties. Second, if Plaintiffs had all such notices, the question about whether a notice "specifically identify the individual using that IP," potentially, turns on additional facts that are not listed in this incomplete hypothetical (e.g., whether that party answering the question has any additional records to use in the analysis and what those records contain). For example, notices may provide some entities (such as ISPs like Altice that have non-public records associating IP addresses and subscriber) with sufficient information to identify the individual using a given IP address, while not providing entities that lack access to this proprietary information with sufficient information.

Altice's argument on this RFA (Mot. at 7) is not tied to the RFA Altice asked. Instead, Altice suggests limitations not found in its RFA: that it is limited to plaintiffs' knowledge of the notices sent in this case to, apparently, Altice IP addresses. Plaintiffs have answered this RFA properly, providing an explanation of why this RFA could not be truthfully admitted or denied.

---

[4] Defendants defined this term as "its ordinary meaning and includes any notice or communication that purports to identify copyright infringement, including any and all "notices," "notices of copyright infringement," "notices of infringement," or "infringement notices" as those terms are used in the Complaint."

4

### D. RFA 23 – Admit that users can have peer-to-peer file sharing technologies[5] installed on their devices without uploading or downloading any files.

**<u>Plaintiff's response:</u>** Plaintiffs admit that, while it is theoretically possible (i.e., if a user has no internet connection), Plaintiffs cannot admit or deny this RFA because it calls for speculation based on an undefined hypothetical.

Altice asks the Court to amend Plaintiffs' answer to "Plaintiffs admit that it is theoretically possible." (Mot. at 5, Mot. Exh. A at 4). Altice provides no authority that a Court may strike portions of an RFA answer to make a party answer in a specific way. Altice's *Dunlap v. City of Fort Worth*, 2019 WL 13252663, at *2 (N.D. Tex. Feb. 8, 2019) case concerned an unopposed motion on a *pro se* plaintiff's RFA responses, which had lengthy narrative RFA answers, including answers that were over a page single spaced. *See Dunlap*, 4:18-cv-238, ECF No. 30 (N.D. Tex. Jan. 2, 2019 (brief by the City of Forth Worth)). That Court did not require specific answers.

This is an undefined hypothetical—it is a technical question with no meaningful technical detail—and Plaintiffs properly explained why they could not answer it. Plaintiffs tried to be helpful, providing an illustration of the problem, but they could, just as easily, have provided an illustration of a hypothetical where the RFA was denied. "Requests for admission that call for the answer to hypothetical questions are not proper." *Rubinstein v. Music Sales Corp.*, No. 19-CV-11187 (LJL), 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021); *see also Morley v. Square, Inc.*, No. 4:10CV2243, 2016 WL 123118, at *3 (E.D. Mo. Jan. 11, 2016) ("courts do not permit 'hypothetical' questions within requests for admission"); *Atlanta Channel, Inc. v. Solomon*, No. CV 15-1823, 2020 WL 6781221, at *6 (D.D.C. Nov. 18, 2020). Plaintiffs answered properly.

### III. CONCLUSION

For the reasons stated above, Altice's Motion should be denied.

---

[5] Defendants defined this term as covering all websites, all Internet or network locations, all hardware, all products or services, all software, all program code, and all related programs or technology that are or may be used to electronically transfer or share files among users.

Dated: March 20, 2025

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Respectfully submitted,

*/s/ Jeffrey M. Gould w/permission*
*Rudolph Fink IV*
Jeffrey M. Gould (*pro hac vice*)
Matthew J. Oppenheim (*pro hac vice*)
Corey Miller (*pro hac vice*)
Keith Howell (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Telephone: 202-480-2999
jeff@oandzlaw.com
matt@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com

Alexander Kaplan (*pro hac vice*)
Bret Matera (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
461 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
bmatera@oandzlaw.com

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this March 20, 2025 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

   */s/ Rudolph Fink IV*
Rudolph Fink IV