# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WARNER RECORDS INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:23-cv-00576-JRG-RSP |
| v. | ) | |
| | ) | |
| ALTICE USA, INC. AND CSC HOLDINGS, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' PARTIALLY OPPOSED MOTION
FOR LEAVE TO FILE AND TO EXPEDITE BRIEFING ON
<u>MOTION TO COMPEL TECHNICAL MATERIALS</u>**

Plaintiffs move the Court for leave to file the attached motion to compel ("MTC") and its attachments and to expedite briefing on the MTC. (Exhs. 2-5) Altice opposes this motion for leave to file, opposes the motion to compel, but has taken the position that, if the Court grants the motion for leave, "we will work with you to agree on an expedited briefing schedule." (*See* Ex. 1, providing conferral history). The MTC seeks identified but unproduced documents from Altice's internal electronic document repositories that do not appear to have been searched. These documents, on the technical measures available to Altice and Altice's knowledge of infringement, will, as the MTC explains, be an important area of focus at trial. Plaintiffs seek leave because the DCO placed the deadline to move to compel on March 27, 2025, before the current fact discovery deadline of April 11, 2025 (extended from April 10). (See Dkt. Nos. 146, 159).

Plaintiffs believe there is good cause for the MTC. First, while this case has been pending since December 2023, these issues only crystalized recently. Since March 4, 2025, Altice has produced ~93% of its document pages (over 300,000 out of the 323,908 so far)[1] in this case,[2] and all of the substantive Altice depositions in the case, including all of the substantive technical depositions, have occurred since March 13. Plaintiffs do not dispute that they provided a detailed list of follow-up discovery requests to Altice on April 2—before the close of fact discovery but four days after the March 27 MTC deadline. But it took Plaintiffs time to analyze Altice's production, especially given the volume and simultaneous depositions; to then identify the issues in the MTC; and, finally, to prepare a detailed identification of material for Altice. Second, as

---

[1] Since March, Altice also produced around 5 million pages of copyright infringement notice it has received along with a number of separate data-file productions.

[2] From the prior *BMG* case, also Altice re-produced documents amounting to ~169k pages in this case. Plaintiffs were forced to file a motion to compel to receive this discovery (Dkt. 67, filed Aug. 6, 2024), and it was not produced until Sept. 21, 2024. Plaintiffs were also forced to move to compel the plaintiffs' expert reports from the *BMG* case. (Dkt. 115, filed Dec. 20, 2024), and they were not made available until February 2025.

explained in Plaintiffs' MTC, these are important documents in this type of case—going directly to the issues of Altice's capability to enact preventative measures and Altice's knowledge—and without them, Plaintiffs' presentation of direct evidence and ability to properly cross examine Altice witnesses will be hobbled. Third, as explained in the MTC, this material was also requested early in the case, which Altice generally agreed to produce. But, even if it had not been specifically requested earlier, it was also requested before the close of discovery. And this material is relevant enough to the parties' claims and defenses that it should have been produced under the Court's Discovery Order. Fourth, Altice should, reasonably, have searched its internal document systems, which it apparently did not do, and produced this information earlier in the case, especially after its emails identified the Altice systems with relevant unproduced material. Finally, Altice should not be rewarded for withholding fundamental discovery and attempting a procedural "gotcha."

Altice has refused to produce anything from Plaintiffs' April 2d request and refused to even consider a limited production after the close of fact discovery. Instead of working with Plaintiffs to find and produce this limited discovery before expert reports, Altice has delayed and responded that it will not search for or produce anything. Altice has also opposed the briefing of both this motion and the MTC, which will add yet more delay. But, if Altice had worked with Plaintiffs, this material—generally, just documents from a few specific electronic repositories identified by Plaintiffs—likely could have been collected and produced within a week, before the close of fact discovery, and certainly within two, before the deadline for opening expert reports.

Altice's central objections are that Plaintiffs' April 2nd follow-up request were untimely and <u>that Plaintiffs requested something after the deadline to compel</u>. (*See* Ex.1.) The fact that Altice focused on the motion-to-compel deadline is telling and shows a position that it believed relief from the Court was unavailable, so discovery, apparently, could be denied. And Altice's

2

timeliness objection is, at bottom, an objection over four days—Thursday, March 27 to Wednesday, April 2. To be clear, Plaintiffs appreciate and respect the Court's deadline to compel, but Plaintiffs do not understand the deadline to be so iron-clad that it is unreasonable to make any request for follow-up discovery or seek any relief after that deadline, especially in circumstances such as these. And, given how long it has taken to develop this issue to reach the Court, Plaintiffs would have had to, essentially, detect the issues almost instantly after Altice's productions, which would have been all the more complicated given the simultaneous depositions.

Altice's actions also provide significant reasons to doubt any timeliness objections. Altice refused to search for or produce anything from the request, made no attempt to work with Plaintiffs on the requests, and refused to consider any production after the close of fact discovery. These are, respectfully, not the actions of a party that is willing to produce discovery. Altice is, apparently, fixed on finding reasons to not produce this important material, rather than working with Plaintiffs to produce relevant and targeted discovery without disrupting the schedule.

Otherwise, Altice objected the material "is irrelevant to the claims and defenses, cumulative of the voluminous discovery that Altice has already produced in this case, or grossly disproportionate to the needs to the case given its highly attenuated nature." (*See* Ex. 1.) As explained in the MTC, these objections are easily disposed of. The material is relevant to primary issues in the case (e.g., Altice's own experts discussed these areas in their affirmative reports); Plaintiffs requests are targeted and, at any rate, Altice made no attempt to work with Plaintiffs on the requests; and the entire point of Plaintiffs' requests is that they are for unproduced material, which Altice has not contested, much less identified the material as requested by Plaintiffs.

For the reasons set forth above, Plaintiffs ask the Court to find good cause and to grant leave to file the attached MTC (Exhs. 2-5) and expedite Altice's responsive briefing.

3

<table>
<tr><td>Dated: April 11, 2025</td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>/s/ Rudolph Fink IV</td></tr>
<tr><td>William E. Davis, III<br>Texas State Bar No. 24047416<br>bdavis@davisfirm.com<br>Rudolph "Rudy" Fink IV<br>Texas State Bar No. 24082997<br>rfink@davisfirm.com<br>THE DAVIS FIRM, PC<br>213 N. Fredonia Street, Suite 230<br>Longview, Texas 75601<br>Telephone: (903) 230-9090<br>Facsimile: (903) 230-9661</td><td>Jeffrey M. Gould (*pro hac vice*)<br>Matthew J. Oppenheim (*pro hac vice*)<br>Corey Miller (*pro hac vice*)<br>Keith Howell (*pro hac vice*)<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Avenue, NW, 5th Floor<br>Washington, DC 20016<br>Telephone: 202-480-2999<br>jeff@oandzlaw.com<br>matt@oandzlaw.com<br>corey@oandzlaw.com<br>khowell@oandzlaw.com</td></tr>
<tr><td></td><td>Alexander Kaplan (*pro hac vice*)<br>Bret Matera (*pro hac vice*)<br>OPPENHEIM + ZEBRAK, LLP<br>461 Fifth Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 951-1156<br>alex@oandzlaw.com<br>bmatera@oandzlaw.com</td></tr>
<tr><td></td><td>***Counsel for Plaintiffs***</td></tr>
</table>

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that discussion between Plaintiffs and Altice have reached an impasse, in part, and that this motion is partially opposed, as summarized below:

1. On April 2, Plaintiffs provided Altice with a detailed list of follow-up discovery.

2. On April 7, Plaintiffs requested an answer to their April 2d request and Altice provided its preliminary response.

3. On April 8, 9, 10, the Parties exchanged correspondence, including whether Altice opposed a motion for leave to file a motion to compel.

4. On April 10, the parties' lead and local counsel conducted a telephonic meet and confer, including discussing whether Altice opposed a motion for leave to file and a motion to expedite, and Plaintiffs provided information requested during the conference.

5. On April 11, Altice confirmed that it would oppose a motion for leave, would oppose the motion to compel, but if the Court grants the motion for leave, "we will work with you to agree on an expedited briefing schedule."

/s/ Rudolph Fink IV<br>
Rudolph Fink IV

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this April 11, 2025 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Rudolph Fink IV<br>
Rudolph Fink IV

5