# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS INC. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:23-cv-00576-JRG-RSP |
| | ) |
| ALTICE USA, INC. AND CSC HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT ALTICE'S MOTION TO AMEND DISCOVERY ORDER TO EXPAND THE NUMBER OF DISCLOSED EXPERTS**

At the initial conference in April 2024, the Court granted Altice's contested request to serve up to five expert reports per side, instead of four as Plaintiffs requested. Five experts per side is already far above the Court's default limits of three experts in patent cases and two in non-patent cases, like this one. Now, a year later and *one day* before the deadline to serve initial reports, Altice asks to amend the Discovery Order (ECF 50) so it can serve a *sixth* expert report—from a lawyer—to explain the law to the jury, offer attorney argument, and speculate on the Copyright Office's state of mind.

Allowing Altice to add this eleventh expert at the eleventh hour will complicate this already-complex proceeding and trial, prejudice Plaintiffs, and burden the Court. With just weeks remaining for expert rebuttal reports and 10 expert depositions—and dispositive and *Daubert* motions due June 16, 2025—Altice has not come close to making the necessary showing of good cause to expand the number of experts to address a long-known legal issue in the case. If this were so important, Altice would have prioritized the issue and would not have waited so long.

Altice claims to need a sixth expert, rather than five, "to opine on whether Plaintiffs' sound recordings that were registered together on the same copyright registrations would have been treated by the Copyright Office as compilations under the Copyright Act." Motion at 3. But there is nothing new or unforeseen about this issue—which Altice and its counsel have litigated for years—that warrants a last-minute change.

Altice has known about this issue for ages. It served discovery in July 2024 asking which sound recordings in suit were first released as part of an album or compilation, and moved to compel the same in September 2024.[1] But Altice withdrew that portion of its motion, telling the

---

[1] Dkt. 86 (motion to compel, *inter alia*, Plaintiffs to "Identify which Copyright Works asserted by You were first issued or released together on or as parts of albums or compilations").

1

Court that "the Fifth Circuit's decision in *Grande*[2] obviate[d] the need" for that when it "held that individual sound recordings registered together on the same U.S. Copyright Office registration certificate … or as works made-for-hire … are parts of compilations." Dkt. 98.

Now, six months later, Altice wants an expert to opine on precisely what it confessed to the Court it did not need—and which Altice describes in the Motion as "a straight-forward issue." Motion. at 2. Altice thus proffers a $1,950-an-hour copyright lawyer to tell the jury and the Court his opinion of the law and to speculate on the state of mind and probable legal determinations of the Copyright Office.[3]

This exercise directly contradicts Altice's prior representation that this discovery is not needed. It is also beyond the scope of permissible expert testimony and would be the subject of a *Daubert* motion—at cost and distraction to Plaintiffs and burden to the Court. Plaintiffs would also have to respond to a sixth expert report and potentially retain, on prejudicially short notice, a sixth expert of their own in rebuttal—all while responding to five other experts, at additional cost and distraction. And it goes without saying, that an expert is not needed to explain to the jury what Altice itself characterizes as "a straight-forward issue."

Altice also does not explain why five experts is insufficient. In fact, it says nothing *at all* about the other five experts it intends to rely on, why each is apparently indispensable, or why that already large number is insufficient to address the sole issue referenced in its Motion. Nor does Altice explain why it waited until mere days before reports were due to raise an issue that Altice

---

[2] *UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, 118 F.4th 697 (5th Cir. 2024) ("*Grande*").

[3] Without awaiting the Court's approval, Altice "provisionally" served the report on April 21, 2025.

and its counsel have known about for years, leaving Plaintiffs with the least amount of time possible to retain a rebuttal expert.

Altice can rely on up to five experts. If it determines that the proffered attorney report is sufficiently important, it is free to rely on it as one of its five. Or Altice can retain the attorney as counsel to make arguments in briefing or before the Court. But Altice has not remotely demonstrated the good cause needed to add a sixth expert to address this foreseeable issue.

## CONCLUSION

For the reasons stated above, Altice's Motion should be denied.

Dated: April 23, 2025

Respectfully submitted,

*/s/ Jeffrey M. Gould w/permission*
*Rudolph Fink, IV*

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Jeffrey M. Gould (*pro hac vice*)
Matthew J. Oppenheim (*pro hac vice*)
Corey Miller (*pro hac vice*)
Keith Howell (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Telephone: 202-480-2999
jeff@oandzlaw.com
matt@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com

Alexander Kaplan (*pro hac vice*)
Bret Matera (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
461 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
bmatera@oandzlaw.com

**Counsel for Plaintiffs**

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served via electronic service on April 23, 2025, to all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a).

                                           */s/ Rudolph Fink IV*
                                           Rudolph Fink IV