# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALTICE USA, INC. et al., <br><br> Defendants. | Case No. 2:23-cv-00576-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND DISCOVERY**
**ORDER TO EXPAND THE NUMBER OF DISCLOSED EXPERTS**

Plaintiffs' opposition to Altice's motion to amend the Discovery Order is long on bluster but short on reasoned analysis. Their claim that Altice did not "explain" the timing of its motion (Opp. 2-3) is just wrong. Altice's motion directly explained that "[t]he reason Altice is making this request now" is Plaintiffs' refusal to stipulate to what they now concede is a straight-forward issue and, on the last day of fact discovery, attempt via the final witnesses they presented to create a fact issue where none exists. Mot. 4. Unable to offer any compelling response, Plaintiffs instead just ignore that explanation. Their suggestion that Altice's withdrawal of a prior motion to compel resolves this issue is sleight of hand. That motion to compel was about a different (now irrelevant) issue—discovery around when songs were "first released" (a test that is not applicable under recent Fifth Circuit precedent), not their *registration* together as albums or compilations. Finally, Plaintiffs' suggestion that they would be prejudiced by an additional expert report on this discrete issue—a report that totals fewer than 20 paragraphs—cannot survive even cursory scrutiny. Plaintiffs will not be prejudiced by this narrow and focused report, to which they have ample time to respond. And the Court will benefit from this expert's testimony, which addresses a discrete, but important issue as to which Plaintiffs apparently intend to try to create a dispute. Namely, 17 U.S.C. § 504(c)(1) is clear that sound recordings that are part of a single compilation are treated as "one work" for purposes of statutory damages. *See UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, 118 F.4th 697, 722 (5th Cir. 2024) ("[B]ecause … each album constitutes a compilation, the statutory text constrains Plaintiffs' eligible award to statutory damages for each *album*, rather than each *song* in suit."). This expert, who has extensive experience with and at the Copyright Office, will explain that hundreds of registrations at issue in this case not only bear the hallmarks of compilations (*see id.*), but indeed would have and must have been understood and

1

████████████████████████████████████████████

registered by the Copyright Office as such given its registration practices and the nature of the registrations themselves. The Court should grant Altice's motion.

Initially, as noted above, Plaintiffs' repeated suggestion in opposition that Altice has delayed on a foreseeable issue and does not explain the timing of its motion is baseless. Altice has already explained—and Plaintiffs' opposition fails to rebut or even address—that the need for Mr. Patry's report was not crystalized until April 11, the final day of fact discovery, during the depositions of Plaintiffs' 30(b)(6) designees. ████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ In short, Altice's motion was timed as it was because of Plaintiffs' last-second attempt to generate a fact dispute where none exists ████████████████████████████████████████████████████████.

Plaintiffs next suggest that, in withdrawing a motion to compel responses to an interrogatory asking Plaintiffs to identify which works were "first issued or released together" on

2

an album or compilation, Altice "confessed to the Court" that it "did not need" any evidence or expert testimony on which sound recordings were parts of albums or compilations. Opp. 1-2. But this miscasts the prior dispute. Altice's earlier motion to compel related to whether Plaintiffs' works-in-suit were <u>first</u> issued or released as parts of albums. Dkt. 86. When that motion was filed, there was uncertainty in the Fifth Circuit as to whether the Copyright Act's plain language (which treats all parts of a compilation as "one work" for purposes of statutory damages) applied when counting works for purposes of statutory damages, or whether individual tracks on an album could be entitled to separate awards based on when those works were first released and/or exploited. *Id.* at 3-5. Altice ultimately withdrew that portion of its motion because of the Fifth Circuit's clear decision in *Grande*, which definitively held that "[t]he plain language of the Copyright Act mandates the conclusion that each registered compilation is eligible for only one award of statutory damages." 118 F.4th at 721-24. Accordingly, further information concerning the first release of Plaintiffs' works was unnecessary. *Id.* at 722-23 (recognizing that record evidence supports the conclusion that "each album constitutes a compilation" where "[t]he works' certificates of registration—which are 'prima facie evidence … of the facts stated' therein, 17 U.S.C. § 410(c)—bear numerous hallmarks of compilations"). The issue now raised is different—Plaintiffs are refusing to stipulate even to the simple fact that sound recordings listed on the same registrations are parts of albums or compilations, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. It is this obstinance on a straightforward issue that led Altice to retain an expert with experience with copyright registration to analyze the hundreds of registrations at issue, identify whether they contained "hallmarks of

3

compilations" (as contemplated by *Grande*), and opine on whether they would have been treated by the Copyright Office as compilations in granting registration.[1] *Id.*

Finally, Plaintiffs' assertions that this narrow expert report will prejudice them and "complicate this already-complex proceeding and trial" only further overplays their hand. Opp. 1. The expert report at issue is fewer than 20 total paragraphs (as contrasted against Plaintiffs' collective 1,102 expert paragraphs), belying any notion that Plaintiffs are incapable of responding during the four-week expert discovery window. And Altice has already provisionally served its report at the time of affirmative expert disclosures—notwithstanding the fact it does not bear the burden of proof on this issue—to ensure that Plaintiffs *would not* be prejudiced by any delay.

Plaintiffs' claimed burden from one additional expert deposition is also incredible, particularly given the narrow scope of the expert's opinion. A deposition on these narrow issues is unlikely to be lengthy—perhaps an hour or two. Nor would there be any burden at trial, as this issue will likely be resolved at summary judgment, and even if it were to make it to trial, it is surely more efficient to have a single expert provide testimony on this issue than to present hundreds of registrations to Plaintiffs' witnesses just so they can testify that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓

Plaintiffs' attempt to make a mountain out of this molehill, while understandable given the magnitude of the issue to statutory damages, is little more than an effort to distract from their own last-minute attempt to circumvent clear Fifth Circuit authority. Altice's motion would be rendered moot if Plaintiffs simply stipulated to the noncontroversial fact that sound recordings registered

---

[1] Plaintiffs' apparent preview of a *Daubert* motion by claiming the expert's testimony is legal in nature attempts to prove too much—they are free to make whatever arguments they want at that stage, but that is not the question before the Court. In any event, Plaintiffs are wrong, as Altice's proposed expert addresses only the specifics of the registrations at issue and Copyright Office practices regarding the treatment of those registrations.

4

together with the Copyright Office are parts of albums, compilations, or other collective works, ▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ But absent such stipulation, there is good cause to allow Altice's request for a narrow, focused expert report on this issue, which will not prejudice Plaintiffs or delay proceedings in any way.

Dated: April 25, 2025                                         Respectfully submitted,

By: /s/ Michael S. Elkin

| | |
|---|---|
| Jennifer P. Ainsworth<br>State Bar No.: 00784720<br>WILSON ROBERTSON &<br>VANDEVENTER, P.C.<br>909 ESE Loop 323, Suite 400<br>Tyler, TX 75701<br>(903) 509-5000<br>jainsworth@wilsonlawfirm.com | Michael S. Elkin*<br>Krishnan Padmanabhan*<br>Sean R. Anderson*<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700<br>melkin@winston.com |
| Thomas M. Melsheimer<br>State Bar No.: 13922550<br>WINSTON & STRAWN LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>(314) 453-6500 | Jennifer A. Golinveaux*<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111<br>(415) 591-1506 |
| Sean H. Suber*<br>WINSTON & STRAWN LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | Diana Leiden*<br>WINSTON & STRAWN LLP<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071<br>(213) 615-1700 |
| Clement S. Roberts*<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94015<br>(415) 773-5700 | Christopher J. Cariello*<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019<br>(212) 506-5000 |
| | Mark S. Puzella*<br>David Hosp*<br>Sheryl Garko*<br>Laura Najemy*<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>222 Berkely Street, Suite 2000<br>Boston, MA 02116<br>(617) 880-1801 |

5

███████████████████████████████████████

*Attorneys for Defendants Altice USA, Inc. and CSC Holdings, LLC*

*\*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on April 25, 2025, a true and correct copy of the foregoing was served by email to the parties of record.

/s/ *Michael S. Elkin*
Michael S. Elkin