# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Warner Records, Inc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Altice USA, Inc., et al., <br><br> Defendants. | Case No. 2:23-cv-00576-JRG-RSP |

**DEFENDANTS' MOTION TO EXCLUDE IN PART THE TESTIMONY OF PLAINTIFFS' EXPERT MICHAEL D. SMITH**

## TABLE OF CONTENTS

                                       <u>Page</u>

INTRODUCTION ............................................................................................................................. 1

LEGAL STANDARD ...................................................................................................................... 2

ARGUMENT .................................................................................................................................... 3

 I. Prof. Smith's opinions as to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are irrelevant and improper. ......................................................... 3

  A. Prof. Smith's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ opinion is proffered only in support of a non-viable vicarious liability claim. ........... 3

  B. Prof. Smith's opinions unrelated to ▇▇▇▇▇▇▇▇▇▇▇▇ should be struck as irrelevant. ...................................................................................... 7

  C. Prof. Smith's opinions are not relevant to any other aspect of Plaintiffs' case. ............................................................................................................. 9

  D. Prof. Smith is not qualified to opine about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are overstated and irrelevant in any event. .... 11

 II. Prof. Smith's subjective belief that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is unreliable, irrelevant, unhelpful, and unduly prejudicial. ... 12

  A. This opinion is irrelevant, unhelpful, and unduly prejudicial, as it confuses the issues and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ............................................... 13

  B. There is an analytical "gap" in this opinion that there ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ...................................................................... 15

CONCLUSION ............................................................................................................................... 15

[REDACTED]

# INTRODUCTION

Plaintiffs have retained Michael D. Smith, a Professor in Information Technology, to opine that: [REDACTED]

[REDACTED]

[REDACTED] Each of these "opinions" should be excluded under the Federal Rules of Evidence.

*First*, the Court should preclude Prof. Smith from speculating that [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]. Plaintiffs have apparently proffered these opinions in purported support of their vicarious liability claim, but they plainly are irrelevant. Altice's receipt of flat-rate fees for its internet service does not constitute *profits from the infringement*, which is what Plaintiffs must show to prove that claim. [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] He should be excluded from offering these opinions in connection with any facet of this case, including Plaintiffs' contributory infringement claim or statutory damages demand.

*Second*, the Court should exclude [REDACTED]

[REDACTED]

██████████████████████████████████████

██████████████████████████████

████████████████████████ The only potential harm relevant to this case is that from the alleged infringement of the WIS by specific users of Altice's network for which Plaintiffs are pursuing claims of secondary liability during the Claims Period. ████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████████ Such testimony is unsupported, irrelevant, and will confuse the issues and prejudice Altice.

## LEGAL STANDARD

"An expert witness may provide opinion testimony if '(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.'" *Bmc Software, Inc. v. Servicenow, Inc.*, 2016 WL 379620, at *1 (E.D. Tex. Feb. 1, 2016) (Gilstrap, J.) (quoting Fed. R. Evid. 702). "Rule 702 requires a district court to make a preliminary determination . . . whether the requirements of the rule are satisfied," and "whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial." *Id.* (citations omitted).

## ARGUMENT

I. **Prof. Smith's opinions as to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ are irrelevant and improper.**

The Court should exclude ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as irrelevant to either of Plaintiffs' claims or any statutory damages factor. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Plaintiffs will use these opinions to attempt to prove the direct financial profit prong of their vicarious liability claim. As addressed in Altice's concurrently filed Motion for Summary Judgment on DMCA Safe Harbor, Vicarious Liability, and Contributory Liability ("Altice Liability MSJ"), however, that claim should fail as a matter of law. *See* Altice Liability MSJ at 23. Accordingly, Prof. Smith's opinion should be excluded. Even if the Court does not dismiss Plaintiffs' vicarious liability claim at this stage, however, Prof. Smith's opinions are irrelevant to establishing vicarious liability or any other aspect of this case, and should be excluded on that independent basis.

A. **Prof. Smith's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ opinion is proffered only in support of a non-viable vicarious liability claim.**

To establish a claim for vicarious liability, Plaintiffs must prove, in addition to the underlying direct infringement, that Altice (1) "profit[ed] directly from the infringement," and (2) "ha[d] a right and ability to supervise the direct infringer." *See Metro-Goldwyn-Mayer Studios Inc.*

---

[1] Citations to "Ex." refer to the exhibits to the Declaration of Sean R. Anderson filed concurrently herewith.

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

*v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9 (2005). Plaintiffs have taken the position that "[w]here a defendant has an 'economic incentive to tolerate infringing conduct,' the financial interest prong is satisfied." *See, e.g.*, Dkt. 38 at 25 (Pls.' Opp. to Altice's Mot. to Dismiss).[2]

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

---

[2] Plaintiffs have taken this same position in all of their cases against ISPs. *See, e.g.*, *UMG Recordings, Inc. et al. v. Grande Commc'ns LLC et al.*, No. 1:17-cv-00365 (W.D. Tex), Dkt. 34 at 16-19; *Sony Music Ent. et al. v. Cox Commc'ns, Inc. et al.*, No. 1:18-cv-00950 (E.D. Va.), Dkt. 396 at 36-37; *Warner Recs. Inc. et al. v. Charter Commc'ns, Inc.*, No. 1:19-cv-00874 (D. Colo.), Dkt. 50 at 10-14; *UMG Recordings, Inc. et al. v. Charter Commc'ns, Inc.*, No. 1:21-cv-02020 (D. Colo.), Dkt. 38 at 18-19; *UMG Recordings, Inc. et al. v. Bright House Networks, LLC*, No. 8:19-cv-00710 (M.D. Fla.), Dkt. 39 at 13-14; *UMG Recordings, Inc. et al. v. Verizon Commc'ns, Inc.*, No. 1:24-cv-05285 (S.D.N.Y.), Dkt. 42 at 18-20.

██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ This unremarkable proposition has nothing to do with profiting *from copyright infringement*. *Grokster*, 545 U.S. at 930 n.9. ██████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

If there were any doubt that these opinions were proffered as a legal crutch in purported support of Plaintiffs' vicarious liability theory, ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Prof. Smith's opinions purport to be relevant to a theory of vicarious liability that was recently soundly rejected in another one of Plaintiffs' cases against an ISP.[3] As the Fourth Circuit explained in that case, ▉▉▉▉▉▉▉▉▉▉▉▉—"[t]he continued payment of monthly fees for internet service, even by repeat infringers"—is "not a financial benefit flowing directly from *the copyright infringement itself.*" See *Sony Music Ent. v. Cox Commc'ns, Inc.*, 93 F.4th 222, 232 (4th Cir. 2024) (emphasis in original); *see also Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004) ("'[R]eceiving a one-time set-up fee and flat periodic payments for service … [ordinarily] would not constitute receiving a financial benefit directly attributable to the infringing activity.'") (alteration in original). While "[a]n internet service provider would necessarily lose money if it canceled subscriptions, [] that demonstrates only that the service provider profits directly from the sale of internet access. Vicarious liability, on the other hand, demands proof that the defendant profits directly from the *acts of infringement* for which it is being held accountable." *Sony Music Ent.*, 93 F.4th at 232.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Indeed, an ISP's "financial interest in retaining subscriptions to its internet service [does] not give it a financial interest in its subscribers' myriad online activities, whether acts of copyright infringement or any other unlawful acts." *Id.* at 232.

---

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

███████████████████████████████████████

██████████████████████████ fail to demonstrate anything meaningful or relevant and should therefore be excluded.

    **B.    Prof. Smith's opinions unrelated to ████████████████ should be struck as irrelevant.**

If the Court declines to dismiss Plaintiffs' vicarious liability claim at this time or deems a defendant's so-called "economic incentive" at all relevant to demonstrating that claim's "direct financial benefit" prong or otherwise, Prof. Smith's specific opinions should still be excluded █
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████

Plaintiffs are seeking to hold Altice secondarily liable for the direct infringement of approximately 10,000 WIS.[4] And Plaintiffs purport to have identified the specific acts of direct infringement for which Altice should bear secondary responsibility. ████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████

─────────────────────

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

■■■

For Plaintiffs to establish Altice's vicarious liability, they must show that Altice "profit[ed] directly from the [alleged] infringement" ■■■ *See Grokster*, 545 U.S. at 930 n.9. ■■■

■■■

■■■. *See, e.g.*, *Wareka v. JW Sanders PLLC*, 2024 WL 1978076, at *5 (W.D. Tex. May 3, 2024) (considering profits from infringing use of photographs-in-suit); *Bell v. Llano Indep. Sch. Dist.*, 2020 WL 5370591, at *4-5 (W.D. Tex. Feb. 13, 2020) (no "direct financial benefit" that could be "'distinctly attributable' to the allegedly infringing Twitter post") (citations omitted); *DynaStudy, Inc. v. Houston Indep. Sch. Dist.*, 325 F. Supp. 3d 767, 777-78 (S.D. Tex. 2017) (same).

■■■

─── 

■■■

███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████

The consequences of Prof. Smith's decisions are stark. ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████ It is obvious why Plaintiffs would want to present such numbers, but they plainly are irrelevant to their vicarious liability claim and, for that reason, highly prejudicial to Altice.

### C. Prof. Smith's opinions are not relevant to any other aspect of Plaintiffs' case.

Prof. Smith's opinions relating to ████████████████████████████████ also are not relevant to either Plaintiffs' contributory infringement claim or any measure of statutory damages and should be precluded on that basis as well.

---

████████████████████████████████████████████████████████

████████████████████████████████████████████

To support their contributory infringement claim, Plaintiffs must prove that Altice had the requisite level of knowledge of the alleged direct infringement and assisted the commission of those specific acts to a sufficient degree. *See* Altice Liability MSJ at 26. The fact that Altice earned flat-rate fees from its subscribers who were the subject of notices of alleged copyright infringement has no bearing on either element, whether directly or indirectly. ████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████

With respect to statutory damages, Plaintiffs cannot proffer Prof. Smith's opinions in support of demonstrating Altice's profits ***from*** the alleged infringement. *See R A Guthrie Co., Inc. v. Boparai*, 2021 WL 1148957, at *10 (E.D. Tex. Mar. 1, 2021) (relevant to statutory damages are "the infringer's profits, the copyright proprietor's damages, and 'the difficulties in the way of proof of either.'") (citation omitted). ████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ Thus, these flawed assumptions should preclude consideration of Prof. Smith's opinions in connection with statutory damages as well.

    **D.    Prof. Smith is not qualified to opine about ██████████████████ ████████████████ are overstated and irrelevant in any event.**

Prof. Smith also is not qualified to offer his opinion about the ████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████ This Court "must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education,'" and the Court "should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citations omitted).

████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████████

– 11 –



Indeed, "[e]xpert testimony based solely or primarily on the opinions of other experts is inherently unreliable." *Equal Emp. Opportunity Comm'n v. Mod. Grp., Ltd.*, 725 F. Supp. 3d 644, 685 (E.D. Tex. 2024) (citation omitted). While Prof. Smith can rely on information provided by others, "an expert cannot forgo [her] own independent analysis and rely exclusively on what an interested party tells them." *Harris v. FedEx Corp. Servs., Inc.*, 92 F.4th 286, 303 (5th Cir. 2024) (alterations in original).

II.   **Prof. Smith's subjective belief that ▮▮▮ is unreliable, irrelevant, unhelpful, and unduly prejudicial.**

The Court should also exclude Prof. Smith's opinion that ▮▮▮ These generalized opinions amount to Plaintiffs' trial themes and are irrelevant to the specific claims of direct and secondary infringement at issue in this case.[8]

---

[8] Altice has served two reports from Dr. Sinnreich who opines on, *inter alia*, ▮▮▮ If the Court permits Plaintiffs to make such arguments, then Altice has proffered Dr. Sinnreich's reports as a response.

### A. This opinion is irrelevant, unhelpful, and unduly prejudicial, as it confuses the issues and ▮▮▮

Prof. Smith's opinions about ▮▮▮ are irrelevant and will not help the jury because they do not "fit" the facts of this case. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591–92 (1993). "[T]estimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* at 591 (citation omitted). That describes Prof. Smith's proposed testimony here to a tee.

Prof. Smith's opinions are not relevant to either of Plaintiffs' two theories of secondary liability, contributory infringement and vicarious liability. Had Prof. Smith opined about any specific harms to Plaintiffs from the specific acts of infringement for which Plaintiffs are seeking to hold Altice secondarily liable, then such an opinion might be relevant to the jury's determination of statutory damages if liability were established. But despite access to Plaintiffs' documents and fulsome discovery, ▮▮▮. *See Realtime Data LLC v. EchoStar Corp.*, 2018 WL 6266301, at *11 (E.D. Tex. Nov. 15, 2018) ("A damages expert may not blindly rely upon an economic theorem or make arbitrary and conclusory assumptions without tying the analysis to the specific and particular facts of the case at hand.") (citations omitted).

▮▮▮ While this may be of interest to his students, it has no bearing on Plaintiffs' claims, or an appropriate amount of statutory damages

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

should liability be established. This purported "opinion" thus risks confusing the jury regarding what this case is about—a narrow set of alleged infringements by a small set of subscribers during a delimited period of time—and should be excluded. *See Kelley v. American Heyer-Schulte Corp.*, 957 F. Supp. 873, 881 (W.D. Tex. 1997) (excluding testimony that was "more likely to overwhelm and confuse the jury than to help it reach a decision.").

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮
    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████

██████████████████████████████████ This should all be excluded as irrelevant. It risks misleading the jury and unduly prejudicing Altice.

### B. There is an analytical "gap" in this opinion that there is ██████████

There is also an analytical gap that renders Prof. Smith's opinions improper ████

██████████████████████████████████

████████████████████████. The Court must evaluate whether Prof. Smith's opinion is reasonably applying his theory to the facts of the case in a way that ensures there is not "too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

## CONCLUSION

For these reasons, Altice requests that the Court exclude Michael D. Smith from testifying as set forth herein and the Proposed Order.

Dated: June 16, 2025                                      Respectfully submitted,

                                                          By: /s/ Michael S. Elkin

| | |
|---|---|
| Jennifer P. Ainsworth<br>State Bar No.: 00784720<br>WILSON ROBERTSON &<br>VANDEVENTER, P.C.<br>909 ESE Loop 323, Suite 400<br>Tyler, TX 75701<br>(903) 509-5000<br>jainsworth@wilsonlawfirm.com | Michael S. Elkin*<br>Krishnan Padmanabhan*<br>Sean R. Anderson*<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700<br>melkin@winston.com |
| Thomas M. Melsheimer<br>State Bar No.: 13922550<br>WINSTON & STRAWN LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>(314) 453-6500 | Jennifer A. Golinveaux*<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111<br>(415) 591-1506 |
| Jeffrey Wilkerson*<br>WINSTON & STRAWN LLP<br>300 South Tryon Street, 16th Floor<br>Charlotte, NC 28202<br>(704) 350-7714 | Diana Leiden*<br>WINSTON & STRAWN LLP<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071<br>(213) 615-1700 |
| Sean H. Suber*<br>WINSTON & STRAWN LLP<br>35 W. Wacker Dr.<br>Chicago, IL 60601<br>(312) 558-5600 | Christopher J. Cariello*<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019<br>(212) 506-5000 |
| Clement S. Roberts*<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94015<br>(415) 773-5700 | Mark S. Puzella*<br>David Hosp*<br>Sheryl Garko*<br>Laura Najemy*<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>222 Berkely Street, Suite 2000<br>Boston, MA 02116<br>(617) 880-1801 |

*Attorneys for Defendants Altice USA, Inc. and CSC Holdings, LLC*

*Pro Hac Vice

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 16, 2025, a true and correct copy of the foregoing was served by email to the parties of record.

*/s/ Michael S. Elkin*
Michael S. Elkin

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on June 16, 2025, by videoconference between Michael S. Elkin, Jeffrey M. Gould, Sean Anderson, Rudy Fink, Bret Matera, Krishnan Padmanabhan, and Jennifer Ainsworth. No agreement could be reached, and the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Michael S. Elkin*
Michael S. Elkin