# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALTICE USA, INC., et al.,<br><br>Defendants. | Case No. 2:23-cv-00576-JRG-RSP |

**DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT TERRENCE P. MCGARTY, PH.D.**

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................3

LEGAL STANDARD .............................................................................................................4

ARGUMENT ..........................................................................................................................5

    I.    Dr. McGarty's opinion in Section 7.3 of his Opening Report— ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—should be excluded. ....................................5

    II.    Dr. McGarty's Opinion in Section 7.1 of his Opening Report ▓▓▓▓▓▓▓▓▓▓▓▓—should be excluded. ...................................9

    III.    Dr. McGarty's Opinions in Section 7.2 of his Opening Report— ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—should be excluded. ..................................10

    IV.    Dr. McGarty's rebuttal opinions criticizing Dr. Kevin Almeroth and Dr. Aram Sinnreich should be excluded. ..............................................11

CONCLUSION .....................................................................................................................14

Pursuant to Rules 702 and 403 of the Federal Rules of Evidence, Defendants Altice USA, Inc. and CSC Holdings, Inc. (collectively, "Altice") request that the Court exclude, in their entirety and for any purpose, the opinions and testimony of Plaintiffs' putative expert Dr. Terrence P. McGarty.

## INTRODUCTION

Plaintiffs retained Dr. Terrence P. McGarty, a venture capitalist, to opine that ▇

▇

*See* Ex. A.[1] He then offers rebuttal opinions with respect to two of Altice's experts, Dr. Kevin Almeroth and Dr. Aram Sinnreich.

All of Dr. McGarty's opinions should be excluded under the Federal Rules of Evidence.

*First*, the Court should exclude Dr. McGarty from testifying that Altice's graduated response is sub-standard because he improperly assesses it through the lens of "operational compliance," a framework that has no relevance to this case, is neither tested nor generally accepted, and invades the Court's province to instruct the jury about the relevant law. ▇

---

[1] Citations to "Ex." refer to the exhibits to the Declaration of Sean H. Suber filed concurrently herewith.

████████████████████████████████████████

████████████████ He purports to apply his expertise in corporate compliance with the Federal Corrupt Practices Act, Sarbanes-Oxley, and other irrelevant statutory regimes that require "strict[]" and "rigid" compliance to Altice's response to receiving copyright notices. Ex. C, ███████████████████████████████████. But ███████████████ in contrast to these rigid statutory regimes, the DMCA safe harbor requires no action by ISPs. The Court will instruct the jury on the proper standard for Altice's safe harbor defense. Allowing Dr. McGarty to opine that Altice failed an invented test that has no relevance to this case and no connection to any relevant legal standard would not only waste time but also severely prejudice Altice.

*Second*, the Court should exclude Dr. McGarty's opinion that ████████████ ████████████████████████████████████████ ███████████ Altice does not dispute, of course, that it provides Internet access to its subscribers, and there is no need for expert testimony on that point. But Dr. McGarty goes further and incorrectly implies that ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████ Such testimony would confuse the jury and prejudice Altice.

*Third*, the Court should exclude Dr. McGarty's opinion that Altice ███████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████

*Finally*, Dr. McGarty's rebuttal opinions should be excluded in their entirety because they are merely Plaintiffs' *Daubert* arguments against Altice's experts Dr. Kevin Almeroth and Dr. Aram Sinnreich in disguise. Dr. McGarty does not apply any of his expertise in his criticism of Dr. Almeroth's opinions regarding Altice's graduated response or in his criticism of Dr. Sinnreich's opinions regarding the deterrent effect of subscriber termination, instead claiming only that these experts' opinions are unsupported by the factual record. That is not a proper subject of expert testimony and should be excluded.

## BACKGROUND

Dr. McGarty is a professional testifying witness and former academic. He has not held a formal teaching position since 1998. *See* Ex. A at 62–63. He has not published any research book or academic articles related to copyrights, DMCA, management or operations of an ISP, content protection, or any other topic relevant to this case. *Id.* at 67. And he has not worked in management or operations for an ISP since the 1980s. *Id.* at 59. His current employment is limited to working for a "technology management and investment company" and providing expert testimony in approximately a dozen cases, including several on behalf of Plaintiffs and other major record companies and music publishers in similar cases against other ISPs. *Id.* at 78–80. He has spent the past sixteen years self-publishing white papers on matters related to cancer and genomics. *Id.* at 73–77.

– 3 –

Dr. McGarty authored two reports in this case. He issued his opening report on April 21, 2025, and his supplemental report on April 24, 2025 (*see* Ex. A). On May 21, 2025, Dr. McGarty issued a rebuttal report, which responded to the opening report of Altice's experts Dr. Kevin Almeroth and Dr. Aram Sinnreich. *See* Ex. B, Rebuttal Report of Dr. Terrence McGarty. Altice deposed Dr. McGarty on June 8, 2025. *See* Ex. C.

For the reasons that follow, Dr. McGarty's opinions should be excluded in full.

## LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence assigns trial courts a "gatekeeping role" in evaluating expert testimony and determining if it is properly grounded in relevant expertise and will assist the trier of fact. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596–97 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (applying the requirements of *Daubert* to all expert testimony). The *Daubert* inquiry is a two-part analysis, looking at both reliability and relevance to determine whether proposed expert testimony is admissible. *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999). For the reliability inquiry, expert opinions must be supported by appropriate validation and go beyond unsupported speculation or subjective belief. *Daubert*, 509 U.S. at 590. And for the relevancy inquiry, the "requirement that expert testimony 'assist the trier of fact to understand the evidence or determine a fact in issue' captures the relevancy inquiry." *Childs v. Entergy Miss., Inc.*, 2009 WL 2508128, at *2 (N.D. Miss. Aug. 13, 2009), *aff'd*, 411 F. App'x 699 (5th Cir. 2011) (internal citation omitted). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citations omitted). Plaintiffs bear the burden of establishing the admissibility of Dr. McGarty's testimony by a preponderance of the evidence. *See id.* at 590–91. Expert testimony is not admissible unless it "will help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702(a). "[N]othing in either *Daubert* or the Federal Rules of Evidence

– 4 –

▮▮▮▮▮▮▮▮▮▮

requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). The proffered testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591.

## ARGUMENT

I. **Dr. McGarty's opinion in Section 7.3 of his Opening Report—▮▮▮▮▮▮▮▮▮▮—should be excluded.**

▮▮▮▮▮▮▮▮▮▮

▮▮▮ The safe harbor immunizes ISPs from liability for copyright infringement if the ISP "has adopted and reasonably implemented, and informs subscribers and account holders of the service

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers." *See* 17 U.S.C. § 512(i)(1)(A). The safe harbor does not "require" any action by ISPs, and ineligibility for the safe harbor does not impact any defense to an infringement claim. 17 U.S.C. § 512(l). In sharp contrast, the federal laws that Dr. McGarty has experience with, such as the FCPA and the Sarbanes-Oxley Act, involve "strict[]" and "rigid" compliance with mandatory requirements, the penalties for which can range from monetary sanctions to criminal charges.▮

▮▮▮ 2 ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮

After establishing an irrelevant framework, Dr. McGarty concludes that Altice's graduated response ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████

The prejudicial effect of Dr. McGarty's irrelevant "compliance" framework cannot be overstated. For example, through this lens, Dr. McGarty opines that Altice had a duty to establish a ███████████████████ as it relates to copyright infringement on its network ███ ██████████████████████████ ████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████ ██████████████████████
████████████████████████████████████ ██████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████ But Dr. McGarty could identify *no basis* for comparing these two processes and had no opinion on what Altice should have done. ████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████ Dr. McGarty should not be permitted to opine that Altice failed his invented "compliance" tests, particularly when he has no opinion as to what Altice should have done instead.

Dr. McGarty has had substantially similar opinions excluded in three prior ISP copyright litigations. In *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.*, the court excluded Dr. McGarty's opinions regarding the reasonableness and effectiveness of Cox's

– 7 –

copyright procedures in response to receiving copyright notices without a proper foundation for those opinions. *See* Ex. F at 4. A few years later, in *Warner Records, Inc., et al. v. Charter Communications, Inc.*, the court ruled that Dr. McGarty could not testify as to "the sufficiency of Charter's response to notices of subscriber infringement" because the "framework" he used "appear[ed] to be a unique and personal practice, not something that would assist jurors in understanding general or accepted business practices that Charter should have known of and implemented in order to comply with the DMCA." Ex. D at 15. And the court in *UMG Recordings, Inc., et al. v. Bright House Networks, LLC* excluded McGarty's "opinions concerning the use of his personally developed 'illustrative framework' for complying with legal and regulatory requirements" because that "proposed framework is merely an expression of Dr. McGarty's personal opinion about how Bright House should have responded, not an expert opinion as understood." Ex. E at 1–2. Just as in *Sony*, *Charter*, and *Bright House*, Dr. McGarty's "operational compliance" framework is untethered to any relevant legal standard and "has never been tested, has not been subjected to peer review or publication, and is not generally accepted, failing all of the *Daubert* factors." *Id*.

Finally, Dr. McGarty's factual recitation of Altice's graduated response and associated business rules in Sections 7.3.1.1 and 7.3.1.4 is cumulative of the same testimony of Plaintiffs' other experts, including Ms. Barbara Frederiksen-Cross (Ex. G, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Dr. Sam Malek (Ex. H, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and his "analysis" of Altice's notice data and conclusions relating to subscriber terminations in Section 7.3.1.2 is lifted wholesale from Plaintiffs' expert Mr. Kristopher Buchan. ▮▮▮▮

▇▇▇ These opinions should be excluded as unhelpful, cumulative, and duplicative.

Dr. McGarty's "operational compliance" framework is untested, has not been subject to peer review or publication, and is not generally accepted. Permitting Dr. McGarty to testify to the jury that Altice failed his invented tests tied to an irrelevant "compliance" framework, particularly in the absence of any opinion as to what Altice should have done instead, will serve only to mislead and confuse the jury to Altice's prejudice. The opinions in Section 7.3 of Dr. McGarty's Opening Report should be excluded.

II. **Dr. McGarty's Opinion in Section 7.1 of his Opening Report—▇▇▇ should be excluded.**

The Court should also exclude Dr. McGarty's opinion that ▇▇▇



That fact is neither disputed by Altice nor required to be recited by an expert. This opinion should therefore be

---

3 ▇▇▇

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

excluded because it summarizes facts not in dispute, does not require expert opinion, and is duplicative and cumulative of the opinions of Plaintiffs' other experts.[4]

Further, this testimony would be confusing to the jury and prejudicial to Altice because Dr. McGarty implies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ While it is undisputed that BitTorrent and similar protocols and the related file-sharing applications were developed independent of Altice and are accessible over *any* standard Internet infrastructure, Dr. McGarty's opinions imply ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—something that Plaintiffs do not even allege. Doc. 1, Compl. ¶ 93 ("Internet access is essential for P2P file-sharing, including via BitTorrent."). Nor is there anything in this case to suggest that P2P filesharing is somehow unique on Altice's network; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

### III.  Dr. McGarty's Opinions in Section 7.2 of his Opening Report—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—should be excluded.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] If Plaintiffs want to present any of the facts set forth in Dr. McGarty's reports, this evidence should be introduced via percipient witnesses, and any related argument should be made by attorneys. Courts regularly preclude experts seeking to offer this type of testimony. *See Carr v. Montgomery Cnty., Tex.*, 2015 WL 5838862, at *9 (S.D. Tex. Oct. 7, 2015) ("Testimony as to undisputed facts is the realm of a fact witness, not an expert."). The bulk of Dr. McGarty's reports amount to nothing more than a factual compilation of Altice's documents, the interpretation of which "invades the province of the jury." *Realtime Data, LLC v. Actian Corp.*, 2017 WL 11662038, at *3 (E.D. Tex. Mar. 29, 2017) (cleaned up).

███████████████████████

█████████████████████████████████████

███████████████████████████████

Dr. McGarty █████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████████ But this speculative theory is both unsupported and irrelevant ████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████████████████████████

████████████████████████████████

█████████████████████████████████████

████████████████████████████████ But this suggestion also unsupported because ████████████████████

███████████████████████ . ████████████

█████████████████████████████████████

████████████████████████████████ At the end of the day, Dr. McGarty has no actual opinion on what Altice should have done with respect to detecting or limiting P2P or BitTorrent traffic, and therefore his speculation is irrelevant and prejudicial. ██████████████████████████

█████████████████████████████████████

▆▆▆▆▆▆▆▆▆▆ This is especially so because Dr. McGarty's opinions about network management are cumulative to the more detailed (yet flawed) opinions of Plaintiffs' other proposed experts, Ms. Barbara Frederiksen-Cross and Dr. Sam Malek.

### IV. Dr. McGarty's rebuttal opinions criticizing Dr. Kevin Almeroth and Dr. Aram Sinnreich should be excluded.

Finally, Dr. McGarty's rebuttals of Altice's experts Dr. Kevin Almeroth and Dr. Aram Sinnreich should be excluded because the opinions are not tied to Dr. McGarty's expertise and boil down to Plaintiffs' *Daubert* arguments disguised as expert opinion.



Dr. McGarty's criticisms of Dr. Almeroth lack any justification, let alone basis in fact. Dr. Almeroth has been qualified by judges all over the country to testify about ISPs' policies and practices in response to copyright notices. Dr. McGarty's rebuttal opinions amount to nothing more than *Daubert* arguments in disguise and should be rejected.

██████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ But again, these are nothing but Plaintiffs' *Daubert* arguments in disguise, which are more appropriate for cross-examination. Dr. McGarty is not applying his own expertise when he attempts to rebut Dr. Almeroth's conclusions with his own interpretation of documents and testimony. ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██ ██ This is not expert opinion; it is parroting Plaintiffs' litigation positions. ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ Dr. McGarty also conceded at deposition that

– 13 –



█ For these critiques as well, however, Dr. McGarty does not rely on his *own* expertise to offer his opinions. Instead, he just makes naked assertions—without any citation or basis—that

█ This is not enough, particularly when Dr. McGarty did not do any counter-analysis himself. █

█ *see also Carmona v. Forrest*, 2023 WL 4317036, at *3 (S.D. Tex. June 15, 2023) ("We have rejected expert opinions not grounded in a sound evidentiary basis: If no basis for the opinion is offered, or the basis offered provides no support, the opinion is merely a conclusory statement.") (citing *Jelinek v. Casas*, S.W.3d 526, 539–40 (Tex. 2010)).

## CONCLUSION

For the reasons set forth above, Altice respectfully requests that the Court grant its motion to exclude the opinions and testimony of Dr. Terrence P. McGarty.

– 14 –

Dated: June 16, 2025                                                    Respectfully submitted,

                                                                        By: */s/ Michael S. Elkin*

Jennifer P. Ainsworth                                                   Michael S. Elkin*
State Bar No.: 00784720                                                 Krishnan Padmanabhan*
WILSON ROBERTSON & VANDEVENTER, P.C.                                    Sean R. Anderson*
909 ESE Loop 323, Suite 400                                             WINSTON & STRAWN LLP
Tyler, TX 75701                                                         200 Park Avenue
(903) 509-5000                                                          New York, NY 10166
jainsworth@wilsonlawfirm.com                                            (212) 294-6700
                                                                        melkin@winston.com
Thomas M. Melsheimer
State Bar No.: 13922550                                                 Jennifer A. Golinveaux*
WINSTON & STRAWN LLP                                                    WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900                                         101 California Street, 35th Floor
Dallas, TX 75201                                                        San Francisco, CA 94111
(314) 453-6500                                                          (415) 591-1506

Jeffrey Wilkerson*                                                      Diana Leiden*
WINSTON & STRAWN LLP                                                    WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor                                      333 South Grand Avenue, 38th Floor
Charlotte, NC 28202                                                     Los Angeles, CA 90071
(704) 350-7714                                                          (213) 615-1700

Sean H. Suber*                                                          Christopher J. Cariello*
WINSTON & STRAWN LLP                                                    ORRICK HERRINGTON & SUTCLIFFE LLP
35 W. Wacker Dr.                                                        51 West 52nd Street
Chicago, IL 60601                                                       New York, NY 10019
(312) 558-5600                                                          (212) 506-5000

Clement S. Roberts*                                                     Mark S. Puzella*
ORRICK HERRINGTON & SUTCLIFFE LLP                                       David Hosp*
405 Howard Street                                                       Sheryl Garko*
San Francisco, CA 94015                                                 Laura Najemy*
(415) 773-5700                                                          ORRICK HERRINGTON & SUTCLIFFE LLP
                                                                        222 Berkely Street, Suite 2000
                                                                        Boston, MA 02116
                                                                        (617) 880-1801

*Attorneys for Defendants Altice USA, Inc. and CSC Holdings, LLC*

*Pro Hac Vice

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 16, 2025, a true and correct copy of the foregoing was served by email to the parties of record.

/s/ Michael S. Elkin
Michael S. Elkin

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on June 16, 2025, by videoconference between Michael S. Elkin, Jeffrey M. Gould, Sean Anderson, Rudy Fink, Bret Matera, Krishnan Padmanabhan, and Jennifer Ainsworth. No agreement could be reached, and the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ Michael S. Elkin
Michael S. Elkin