# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS, INC., et al., | |
| Plaintiffs, | Case No. 2:23-cv-00576-JRG-RSP |
| v. | |
| ALTICE USA, INC., et al., | |
| Defendants. | |

**DEFENDANTS' MOTION TO EXCLUDE IN PART THE TESTIMONY OF PLAINTIFFS' EXPERT KRISTOFER BUCHAN**

██████████████████████████████████████████████

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................- 1 -

BACKGROUND ....................................................................................................................- 2 -

LEGAL STANDARD.............................................................................................................- 4 -

ARGUMENT..........................................................................................................................- 4 -

    I.    Mr. Buchan's ███████████████████████████████████
████████████████████████████████████████.....................- 4 -

    II.    Mr. Buchan's ██████████████████████████████████████
██████████████████████████████████████████████- 7 -

    III.    The Court should instruct the jury on Plaintiffs' proffered theory of liability based on "█████████" notices. ..................................................................- 10 -

    IV.    Mr. Buchan should be precluded from using the term "infringe" and any permutation thereof. ..................................................................................- 11 -

    V.    Mr. Buchan's "█████████████████ is irrelevant and prejudicial. .......- 12 -

    VI.    Mr. Buchan's █████████ is irrelevant and prejudicial. ..........................- 13 -

    VII.    Mr. Buchan should be limited to the areas on which he contends he is opining.- 15 -

CONCLUSION......................................................................................................................- 15 -

██████████████████████████████████████████████████████████

## INTRODUCTION

Altice moves to exclude certain of the opinions proffered by Plaintiffs' putative data expert, Kristofer Buchan. While Mr. Buchan concedes ████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████.

Mr. Buchan also improperly bases his "infringement" opinions on data irrelevant to whether Plaintiffs' works-in-suit have been directly infringed and whether Altice should be held secondarily liable for any of such infringement. In doing so, Mr. Buchan inexplicably ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████ (December 7, 2020 to December 7, 2023, the "Claims Period"), ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████. To be clear, Mr. Buchan had data that would have allowed him to properly tailor his analyses ████████████████████████████████████████████████████████████████. He ignored that data, electing instead to present a case "in gross" that seeks to bury the relevant facts under a mountain of misleading and prejudicial statistics.

With this motion, Altice seeks the following:

- To exclude analyses ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ *See* Ex. A (Buchan Rpt.)

- ¶¶ 82-85; Ex. L (Exs. G1, G1a, G2, G2a, G3, and G4 to Second Amended Report); Ex. B (Buchan Reb. Rpt.) ¶¶ 35-36.[1]

- To exclude analyses ███████████████████████████████████,"
███████████████████████████████████████████████████████████
███████. *See* Ex. A ¶¶ 41, 64-78, 82-84, 112, 124, 136-140; Ex. L (Exs. D1-D6a to Second Amended Report); Ex. B ¶¶ 35-36.

- To exclude the use of the term "infringement" and any permutation thereof, including "repeat infringers." *See, e.g.*, Ex. A ¶¶ 28, 30-31, 41, 69, 95-97, 99; Ex. L (Exs. D4-9 to Second Amended Report); Ex. B ¶¶ 7-12, 15, 20, 30, 32-37, 40; ████████████████████.

- To preclude Mr. Buchan's opinions ███████████████████████
████████████████████████████████████████ absent a clarifying instruction from the Court that such an occurance does not necessarily equate to imputing Altice with knowledge of alleged infringement or have any bearing on what a "repeat infringer" is for purposes of the DMCA's safe harbor. *See, e.g.*, Ex. A ¶¶ 41, 64-78; Ex. B ¶ 35; ████████████████████████████.

- To preclude Mr. Buchan's opinions regarding his "████████████████████," absent re-labeling it as something that ████████████████████
██████████, so that the jury is not misled, and Altice is not unduly prejudiced. *See, e.g.*, Ex. A ¶¶ 41, 121-123; Ex. B ¶ 8.

- To preclude Mr. Buchan's "██████████," or in the alternative, it should be accompanied with a clarifying instruction from the Court that such an analysis has no bearing on Altice's knowledge of alleged infringement, or any element of the claims and defenses in this case. Ex. A ¶¶ 41, 124-132; Ex. B ¶ 30.

- To preclude Mr. Buchan from providing purported opinions regarding background facts in his reports, ████████████████████████████████████. Ex. A. ¶¶ 10-40.

## BACKGROUND

Mr. Buchan is ████████████████████████████████████████████
████████████████████████████████████. Ex. A ¶ 1. ████████████████
████████████████████████████████████████. Ex. C (Buchan Dep. Tr.) at 40:17-43:9. Mr.

---

[1] Citations to "Ex." refer to the exhibits to the Declaration of Sean R. Anderson filed concurrently herewith.

- 2 -



. *Id.* at 46:18-48:10.

Ex. C at 45:23-46:15, 47:15-48:10.

Ex. A; *see supra* at 2 (second and third bullets).

Mr. Buchan issued an opening report on April 24, 2025, which he later amended twice to correct for a series of errors: first, on May 9, 2025, and again, on June 3, 2025. Ex. A; Ex. C at 6:15-8:9. On May 21, 2025, Mr. Buchan issued a rebuttal report, which he also amended on June 3, 2025 to correct for a separate set of errors. Ex. B; Ex. C at 6:13-8:9. Mr. Buchan was deposed on June 5, 2025. Ex. C.

As addressed in this motion, Mr. Buchan offers the following opinions in his reports:

- ███████████████████████████████████████████████████, *see, e.g.*, Ex. A ¶¶ 65, 95; Ex. B ¶¶ 6, 12, 17;

- ███████████████████████████████████████████████████ *see, e.g.* Ex. A ¶¶ 82-85, 117; Ex. B ¶¶ 35, 36, 38; and

- ███████████████████████████████████████████████████, *see, e.g.*, Ex. A ¶¶ 64-75.

Mr. Buchan also opines 

, *see id.* ¶¶ 121-

123; and (ii) ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████, *id.* at

¶¶ 124-132.

## LEGAL STANDARD

"An expert witness may provide opinion testimony if '(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.'" *Bmc Software, Inc. v. Servicenow, Inc.*, 2016 WL 379620, at *1 (E.D. Tex. Feb. 1, 2016) (Gilstrap, J.) (quoting Fed. R. Evid. 702). "Rule 702 requires a district court to make a preliminary determination . . . whether the requirements of the rule are satisfied," and "whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial." *Id.* (citations omitted).

## ARGUMENT

**I.     Mr. Buchan's** ████████████████████████████████████████████

████████████████████████████████████████

Mr. Buchan should be precluded from providing his opinions regarding the subscribers who are the subject of Plaintiffs' claims for secondary copyright infringement against Altice to the extent those analyses ████████████████████████████████████████

████████████████████████████████████████ Ex. A ¶¶ 56-57, 61-77, 79-85; Ex. L (Exs. G1, G1a, G2, G2a, G3, and G4 to Second Amended Report); Ex. B ¶¶ 35-36.

The Claims Period in this case is December 2020 to December 2023, though the parties agreed at the ***discovery*** stage to produce documents and data going back one year to December 2019 (the "Discovery Period"). The selection of this additional year was arbitrary: it has no

- 4 -

relevance to any facts in the case and is purely the result of a negotiated compromise among counsel. Altice expressly reserved its rights with respect to the relevance of pre-Claims Period discovery and repeatedly asserted that the focus on the case should be the Claims Period, as dictated by the Copyright Act. *See, e.g.*, Ex. I at 1-4 (Altice Aug. 7, 2024 Ltr.). Altice has maintained its objection to evidence relating to its processing of notices of alleged infringement as part of its two legacy programs, both of which pre-date the Claims Period. *See generally id*. ████

████ This is improper, poses needless complications, and will confuse and mislead the jury.

In this case, Plaintiffs are ████

████. *See, e.g.*, Ex. D at 3-4 (Resp. to Interrogatory No. 8).[2] The law does not dictate such a theory of liability; it is one of *Plaintiffs' own creation*. For Plaintiffs' vicarious liability claim, they will need to prove that Altice profited from, and had the right ability to supervise and control, these same subscribers' alleged infringement of their works. Thus, Plaintiffs' chosen theory of secondary liability is dependent not only upon the alleged direct infringement by these subscribers during the Claims Period but also *predicate* acts by Altice—i.e., its receipt of, and response to, notices.

Mr. Buchan presented two analyses in support of Plaintiffs' theory. In the first version, Mr. Buchan ████

---

[2] ████

- 5 -

██████████████████████████████████████████████████

██████████████████████████████████████. Ex. A ¶ 84. In the second version, Mr. Buchan relies ██████████████████████████████. *Id.* Critically, in both versions, Mr. Buchan relies on ████████████████████████████████████ ████████████. ███████████████████████████████████████

██████████████████████████████████████. *See, e.g.*, Ex. E (WAR_ALT00015397).

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. at 591-92 (1993) (expert testimony must "fit" the facts of the case).

Plaintiffs clearly recognize that they must rely on alleged *direct* infringements *during* the Claims Period, ████████████████████████, *see, e.g.*, ██████████████████ ████████████████████████████) but inexplicably rely on allegedly infringing actions to support Altice's *secondary* liability that *pre-date* the Claims Period. Plaintiffs ████████████████████████████████████████████

████████████████████████████████████████████

███). Aside from being irrelevant, the ██████████████████████████ poses significant complications for this case as well. To be clear, Altice is contesting liability and asserting the DMCA safe harbor during the period when Plaintiffs may pursue claims—i.e., the Claims Period. *See generally* Altice's MSJ re Liability. Plaintiffs' ██████████████████ ██████████████████████ will unfairly expand the scope of this case beyond what is permitted by the statute of limitations. As noted, the broader Discovery Period was a negotiated compromise primarily driven by Plaintiffs' desire to search earlier-in-time emails as part of a fulsome discovery

process. It is not an invitation for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ For purposes of establishing liability, the appropriate period on which to focus is the Claims Period. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Mr. Buchan's analyses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



▓▓▓▓▓ Ex. A ¶¶ 56-57, 61-77, 79-85.

The parties have expended substantial resources in both discovery and merits proceedings on *Plaintiffs'* purported evidence of direct infringement, including the RIAA's management of the notice program, the vendor OpSec's technology, and the accuracy of these notices. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. A ¶ 84.

II.     **Mr. Buchan's** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

As set forth above, Plaintiffs' secondary infringement claims are limited to the three-year statute of limitations and, specifically, how Altice handled notices of alleged copyright infringement received during that period relating to the WIS. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████ *See, e.g.*, Ex. A ¶¶ 64-75. █████████████████

██████████████████████████████████████████████████████████

███████. Due to these defects, the analyses should also be excluded on multiple grounds.

First, for the same reasons set forth above, *see supra* at § I, Mr. Buchan's ████████ ████████ ██████████████████████████████████ ███████████████ Mr. Buchan █████████████████████ ██████████████████████████████████████████████████ ███████████████████████████. Ex. A ¶ 64. In each version, Mr. Buchan improperly, and inexplicably, ████████████████████████████████████████████ ██████████████████████████████████████████████████████████. They should be excluded.

Second, Mr. Buchan's ████████████████ should be excluded for the independent reason that ████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████. These counts have no relevance to

the case and are highly prejudicial because they will mislead the jury as to the subscribers whose actions are actually at issue.

To the extent that the Court does not preclude Mr. Buchan's ███████████ for either of these reasons, at a minimum, two of his analyses should be excluded because ███████████████████. Ex. A ¶¶ 66-69, 73-75. For the reasons set forth above, Mr. Buchan's reliance on ███████████████████████████████████ is improper and prejudicial to Altice. *See supra* at § I. Mr. Buchan prepared one so-called ███████████ ███████████████████, *id.* ¶¶ 70-72—which, to the extent the Court permits this analysis notwithstanding its ███████████████████ ████████—should be the only one ███████████████████ permitted.

Finally, Plaintiffs should be precluded from using Mr. Buchan's ███████████ in connection with challenging Altice's DMCA "safe harbor" defense. These ███████████ are irrelevant to whether Altice adopted and reasonably implemented a policy that provides for termination of repeat infringers in appropriate circumstances. *See* 17 U.S.C. § 512(i). As set forth below, "repeat infringers" is not defined in the Copyright Act, *see infra*, § III, and Mr. Buchan ███████████████████████████████████████████████████, *see* Ex. C at 114:5-20. It would be highly misleading to the jury and prejudicial to Altice for Plaintiffs to put forward Mr. Buchan's ███████████ in the context of challenging the safe harbor defense, including for the reason that ███████████████████████████████████████████████████ Plaintiffs are pursuing claims and Altice is pursuing a defense. ███████████████████████████████████████████████████████████████████████████████████ As it relates to the DMCA safe harbor, the parties can present

- 9 -

appropriate evidence relating to Altice's implementation of its relevant policies during Claims Period that do not improperly invade the province of the jury.

**III.    The Court should instruct the jury on Plaintiffs' proffered theory of liability based on "███████" notices.**

As described above, Mr. Buchan presents various analyses based on so-called "███████ ███████ This is a legally significant term for the DMCA safe harbor defense and secondary liability that necessitates a clarifying instruction from the Court, as has been ordered in a similar case in which Mr. Buchan has proffered the same opinion. Absent such an instruction, Plaintiffs' ███████ risks misleading the jury and prejudicing Altice on a key issue that should be preserved for the trier of fact.

According to Mr. Buchan's sworn testimony, ███████ ███████. Ex. C at 111:19-114:9, 116:16-118:10. Mr. Buchan ███████ ███████ ███████. *Id*. at 112:11-114:10. Mr. Buchan ███████ ███████. *Id*. at 114:5-20, 120:7-25. Mr. Buchan ███████. *Id*. at 53:3-14, 54:11-15. Instead, ███████. *Id*. at 55:23-56:14. ███████. *Id*. at 75:21-76:5, 121:19-122:4.

While Mr. Buchan ███████, ███████

███████████████████████████████████████

███████████████.." Ex. D at 3-4. Further, the concept of a "repeat infringer" is legally significant to the DMCA safe harbor, which, as discussed above, requires the reasonable implementation of a policy that provides for the termination of "repeat infringers" in "appropriate circumstances." *See* 17 U.S.C. § 512(i). The statute does not define what a repeat infringer is, however.

Given the legal significance of this term, and the ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████ A similar instruction has been ordered in a prior case. Ex. G (*BHN* Order) (parties order to provide the court with proposed instructions that ("[t]he receipt of three notices does not necessarily equate to imputing Bright House with knowledge of alleged infringement and is a finding the jury is to consider based on the evidence offered at trial and the law as instructed by the Court).

**IV.    Mr. Buchan should be precluded from using the term "infringe" and any permutation thereof.**

Mr. Buchan ████████████████████████████████████████

████████████████████████████████████████████████████. Ex. C at 53:3-8. Nevertheless, Mr. Buchan's report is replete with references to "infringement," "infringers," and "repeat infringers," which are highly prejudicial to Altice as it will mislead the jury as to a threshold legal issue in the case. Mr. Buchan has been precluded from using such terms in other cases. Ex. G at 5 ("Plaintiffs will sanitize Buchan's Report and (all others) relating to his use of 'piracy', 'infringed' or 'infringers' or 'repeat infringers'"); Ex. H at 8-9 (*Charter* Order) (same).

- 11 -

Mr. Buchan █████████████████████████████████████████████. Ex. C at 56:16-21. Mr. Buchan should be precluded from using such words at trial in this case.

V. **Mr. Buchan's "███████████" analysis is irrelevant and prejudicial.**

Mr. Buchan █████████████████████████████████████████

█████████████ Mr. Buchan █████████████████████████████████

█████████████████████████████████████████████████. Ex. A ¶¶ 121-122. █████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████.[3]

Mr. Buchan █████████████████████████████████

████████████████████████████████████████████

██████████████████████████████ Ex. C at 92:13-94:16. Mr. Buchan █████

████████████████████████████████████████████.

*Id*. at 93:24-94:16. Mr. Buchan █████████████████████████

████████████████████████████████████████████. *Id*.

at 226:19-227:1.

Despite this recognition, Mr. Buchan █████████████████████

████████████████████████████████████████████

████████████████████ Ex. C at 318:10-14. Instead, Mr. Buchan █████

---

[3] This is not the first time that a misleading analysis by Mr. Buchan has been the subject of a *Daubert* challenge. In *U.S. v. Keller*, No. 18-cr-00462 (N.D. Cal.), Dkt. 458, Judge Chhabria of the Northern District of California excluded Mr. Buchan's opinion regarding his statistical analysis that attempted to compare the defendant's prescription-writing practices to other doctors, which failed to account for "overlapping prescriptions." In his order, Judge Chhabria described Mr. Buchan's opinion as "junk science that is devoid of any evidentiary value," "arbitrary and meaningless," "worthless," and "visually misleading." He further noted that it "appear[ed] to reflect a crass effort to deceive the jury." Ex. F at 1-2.

████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ Ex. C at 227:25-228:21, 307:5-308:1, 316:23-317:9, 317:19-318:21. All of these changes render Mr. Buchan's ███████████████████████████ ████ and therefore highly misleading to the jury and prejudicial to Altice.

While Mr. Buchan's flawed assumptions are readily apparent, and go to the weight, the prejudice to Altice in having a ████████████████████████████████████████ ███████████████████████████████████████. █████████████████████████████████████████ ████████████████████████████████████████

## VI.  Mr. Buchan's ████████████ is irrelevant and prejudicial.

Plaintiffs should be precluded from offering Mr. Buchan's "████████████" in purported support of their contributory infringement claim, as it has no bearing on any actionable knowledge and would otherwise be highly misleading to the jury and prejudicial to Altice.

In his opening report, Mr. Buchan ████████████████████████████████████████ ████████████████████████████████████████████████████████████. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ See Ex. C at 325:8-18, 327:17-21, 328:10-24. In contravention of this principle, ██████████████████████████████████ ██████████████████████████████████████████. Id. at 333:7-21, 339:6-13. Mr. Buchan's ████████████

- 13 -

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████ . *Id.* at 308:2-309:3, 314:19-315:25, 335:22-336:3, 339:6-13.

The result of Mr. Buchan's assumptions is the following: ███████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████ Mr. Buchan ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████ *Id.* at 333:7-21, 335:22-336:3, 339:6-340:8, 340:22-341:13.

The question of whether Altice has actionable knowledge that a particular subscriber will infringe a WIS is relevant to the contributory infringement claim.[4] ███████████

███████████████████████████████████████████

███████████████████████████. *Id.* at 339:6-22 ("███████████████████████

███████████████████████████████████████████");

*see also id.* 47:24-48:10, 84:1-5, 339:25-340:8. ███████████████████████

---

[4] An ISP does not have actionable knowledge of underlying direct infringement for purposes of a contributory infringement claim absent "intent [to cause infringement] in [its] continued provision of services that were 'substantially certain to result in infringement'" going forward. *See UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, 118 F.4th 697, 709 (5th Cir. 2024) (quoting *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 308 (4th Cir. 2018)).



[REDACTED]. Ex. J (Heberer Mar. 20, 2025 Dep. Tr.) at 466:23-475:3; *see also* Ex. K (Heberer Mar. 19, 2025 Dep. Tr.) at 218:19-220:18.

By contrast, Altice's expert, Mohan Rao, Ph.D, [REDACTED]. These calculations, which Mr. Buchan does not dispute, show that the [REDACTED]. Ex. C at 342:11-17.

A "[REDACTED]" has never been presented to a jury in any other ISP case, and for good reason. It is faulty and risks invading the province of the jury. Plaintiffs should be precluded from presenting this analysis, or in the alternative, it should be accompanied with an instruction that it has no relevance to Plaintiffs' contributory infringement claim.

**VII.   Mr. Buchan should be limited to the areas on which he contends he is opining.**

Mr. Buchan [REDACTED] of his reports, Ex. A ¶¶ 10-40, and should be precluded from testifying as to these or any other facts to which he has [REDACTED]. Ex. C at 58:20-72:12, 73:2-104:25.[5]

## CONCLUSION

Based on the foregoing, Altice respectfully requests that the Court grant its motion.

---

[5] Altice reserves the right to file a separate motion *in limine* regarding cumulative testimony relating to background facts, including to the extent offered through putative expert witnesses.

Dated: June 16, 2025

Jennifer P. Ainsworth
State Bar No.: 00784720
WILSON ROBERTSON & VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
(903) 509-5000
jainsworth@wilsonlawfirm.com

Thomas M. Melsheimer
State Bar No.: 13922550
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(314) 453-6500

Jeffrey Wilkerson*
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
(704) 350-7714

Sean H. Suber*
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600

Clement S. Roberts*
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94015
(415) 773-5700

Respectfully submitted,

By: /s/ Michael S. Elkin
Michael S. Elkin*
Krishnan Padmanabhan*
Sean R. Anderson*
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
melkin@winston.com

Jennifer A. Golinveaux*
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506

Diana Leiden*
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1700

Christopher J. Cariello*
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

Mark S. Puzella*
R. David Hosp*
Sheryl K. Garko*
Laura B. Najemy*
ORRICK HERRINGTON & SUTCLIFFE LLP
222 Berkely Street, Suite 2000
Boston, MA 02116
(617) 880-1801

*Attorneys for Defendants Altice USA, Inc. and CSC Holdings, LLC*

*Pro Hac Vice

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 16, 2025, a true and correct copy of the foregoing was served by email to the parties of record.

/s/ *Michael S. Elkin*
Michael S. Elkin

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that, under Local Rule CV-5(a)(7), the foregoing instrument designated as confidential in accordance with the previously signed Protective Order (Dkt. 51) is authorized by the Court to be filed under seal.

/s/ *Michael S. Elkin*
Michael S. Elkin

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on June 16, 2025, by videoconference between Michael S. Elkin, Jeffrey M. Gould, Sean Anderson, Rudy Fink, Bret Matera, Krishnan Padmanabhan, and Jennifer Ainsworth. No agreement could be reached, and the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ *Michael S. Elkin*
Michael S. Elkin