# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WARNER RECORDS INC. et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:23-cv-00576-JRG-RSP |
| v. ) | |
| ) | |
| ALTICE USA, INC. AND CSC ) | |
| HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFFS' OWNERSHIP OF THE WORKS IN SUIT**

# INTRODUCTION

Plaintiffs move for partial summary judgment on the discrete issue of copyright ownership, specifically that Plaintiffs own or control exclusive rights in the copyright in each work over which they are suing (the "works in suit"). Ownership is the first of two elements required to prove copyright infringement. Plaintiffs have provided unrebutted evidence necessary to establish ownership of the sound recordings and musical compositions that comprise the 10,446 works in suit.

First, Plaintiffs produced copies of copyright registration certificates identifying Plaintiffs as owners of exclusive rights in 1,842 of the 6,553 sound recordings in suit, and 1,999 of the 3,893 musical compositions in suit. Under the Copyright Act, these registrations are *prima facie* evidence that the copyrights are validly registered and of the facts stated on the registrations, including that Plaintiffs own the copyrights. Because Altice has no conflicting evidence, these registrations establish ownership over these 3,841 works in suit as a matter of law.

Second, for the remainder of the works in suit, Plaintiffs produced chain of title evidence, including copyright registrations, agreements and further documentation demonstrating the transfer of ownership of exclusive rights in the works to Plaintiffs; and declarations affirming the chain of title, including under those agreements and documentation. Altice has identified no evidence to rebut Plaintiffs' proof of ownership of these works in suit. Thus, the Court should grant summary judgment to Plaintiffs regarding ownership of all 10,446 works in suit.[1]

Ruling on the issue of ownership now will help narrow the case, significantly reduce the time required for trial, and ease the burden on the Court and jury. As this motion and the supporting

---

[1] Even if the Court were to conclude that there were some genuine issue of fact on a small number of the works in suit, the Court should still grant summary judgment on this issue as to all works for which Altice presents no genuine dispute with respect to Plaintiffs' ownership.

declarations and exhibits make clear, Plaintiffs will need to introduce thousands of trial exhibits in the form of copyright registrations and ownership-related documents, as well as provide testimony from four different witnesses (one for each of the four Plaintiff groups) at trial establishing ownership of the more than 10,000 works in suit. Courts in mass infringement cases like this one routinely grant summary judgment on the uncontroversial question of ownership and this Court should too.[2]

## STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

Whether Plaintiffs own or control exclusive rights in the sound recordings and musical compositions that comprise the 10,446 works in suit where Plaintiffs have provided unrebutted evidence necessary to establish ownership of all of these 10,446 works in suit.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

**A. Plaintiffs Own or Control Exclusive Rights in the Copyrights in the Works in Suit**

1. Plaintiffs are some of the world's leading record companies and music publishers, and own or control exclusive copyright rights in sound recordings and musical compositions of legendary artists and songwriters. *See* Declaration of Jeremy Blietz on behalf of the Warner Chappell Plaintiffs ("Blietz Decl.") ¶¶ 3, 5; Declaration of Wade Leak on behalf of the Sony Music Entertainment Plaintiffs ("Leak Decl.") ¶¶ 4, 7; Declaration of Tracie Parry on behalf of the Warner Music Plaintiffs ("Parry Decl.") ¶¶ 3, 5; Declaration of Jason Manley on behalf of the Sony Music Publishing Plaintiffs ("Manley Decl.") ¶¶ 3, 4.

2. As a matter of corporate practice and policy, Plaintiffs protect their copyrights, including through registration with the U.S. Copyright Office and by entering into written

---

[2] *E.g.*, *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 644-48 (E.D. Va. 2015); Amended Memorandum Opinion and Order at 14-15, *Sony Music Entertainment v. Cox Commc'ns, Inc.*, No. 1:18-cv-00950-LO-JFA (E.D. Va. Nov. 27, 2019), ECF No. 610.

2

agreements establishing that they own or control exclusive rights under copyright. *See* Blietz Decl. ¶ 5; Leak Decl. ¶ 4; Parry Decl. ¶ 5; Manley Decl. ¶ 4.

3. Plaintiffs own, or have an exclusive license to, rights under the Copyright Act in each of the copyrighted works identified in the Appendices to their respective declarations. *See* Blietz Decl. ¶ 7; Leak Decl. ¶¶ 4, 7; Parry Decl. ¶¶ 4, 8; Manley Decl. ¶ 6.

4. For each of the works in suit, Altice has not presented any evidence of intentional misstatements or fraud in obtaining the copyright registrations upon which Plaintiffs rely in the case.

5. For each of the works in suit, Altice has not presented any evidence that Plaintiffs have failed to comply with any renewal, notice, or registration requirements.

6. The parties have stipulated that "[a] record downloaded or printed from [the U.S. Copyright Office's Online Records Collection] and comprising a copyright registration certificate (including a renewal) or summary of the same" "satisfies the requirement of authenticity under the Federal Rules of Evidence," "is judicially noticeable," and "shall have the same legal and evidentiary value as the registration certificate for that copyright registration." ECF No. 240-1 at 2. The parties also stipulated that they "shall not object to the Court taking judicial notice of a Registration Record." *Id*.

## LEGAL STANDARD

A party may move for summary judgment with respect to "each claim or defense" or a "part of each claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 880 (5th Cir. 2014). For a dispute to be genuine, the evidence must be "such that a reasonable jury could return a verdict

3

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986) ("[t]he mere existence of a scintilla of evidence . . . will be insufficient" to oppose summary judgment). A fact is material if it "might affect the outcome of the suit." *Id.* at 248; *Flores v. Wal-Mart Stores Texas, L.L.C.*, 855 F. Appx. 203, 203-204 (5th Cir. 2021).

## ARGUMENT

### I.  PLAINTIFFS OWN COPYRIGHTS IN THE WORKS IN SUIT

To prove copyright infringement, a plaintiff must establish that it is the owner of a valid copyright and that unlawful copying has occurred. *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). A party may sue for copyright infringement if it is the "legal or beneficial owner of an exclusive right under a copyright" at the time the infringement occurred. 17 U.S.C § 501(b); *see also Stross v. Redfin Corp.*, 730 F. Appx. 198, 202-03 (5th Cir. 2018). Ownership of copyright "vests initially in the author" and can be transferred "by any means of conveyance or by operation of law." 17 U.S.C § 201(a); (d). Through their respective declarations and the exhibits attached thereto, Plaintiffs have established that, during the Claims Period (December 7, 2020, through December 7, 2023), they owned and/or controlled exclusive rights under 17 U.S.C. § 106 in or to each of the 10,446 works in suit.

#### A.  Copyright Registrations Naming Plaintiffs as Claimants Establish Ownership of the Copyrighted Works

Copyright registrations are "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C § 410(c). That includes facts addressing ownership. *See General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) ("A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright."). And "[w]here the plaintiff is presently the owner of copyright but

4

is not the author, but is nevertheless listed on the certificate of registration as the owner of copyright, the statutory requirements have been satisfied: there is no requirement that the registration or even subsequent chains of title relate back to the author." *See* 6 PATRY ON COPYRIGHT § 19:4 (citing *BMG Rights Mgmt. (US)*, 149 F. Supp. 3d at 645-46).

For 3,841 of the 10,446 sound recordings and musical compositions at issue in the case, Plaintiffs have produced copies of the copyright registration certificates or printouts of copyright registrations from the Copyright Office's official online public catalog identifying Plaintiffs as owners of exclusive rights in these works in suit.[3] SUMF ¶¶ 2-3. That is all that is required for Plaintiffs to establish prima facie ownership of these works in suit. Altice now bears the burden of submitting "specific evidence that rebuts the presumption of validity which attaches to a duly issue[d] registration." *BMG Rights Mgmt. (US)*, 149 F. Supp. 3d at 645. Altice has not produced any evidence in discovery that does so.

### B. Chain of Title Evidence Demonstrating Transfer of Ownership or Control of Exclusive Rights from an Author or Copyright Claimant to a Plaintiff Establishes Ownership or Control of the Copyright as a Matter of Law

For Plaintiffs not listed as the claimant on the copyright registration or online printout, the "only evidence required of the plaintiff, in addition to the registration certificate, is evidence of plaintiff's chain of title from the original copyright registrant." *BMG Rights Mgmt.*, 149 F. Supp.

---

[3] The Parties have stipulated that the Court may take judicial notice of the Copyright Office printouts. SUMF ¶ 6. Courts regularly accept such printouts as evidence of ownership. *See, e.g.*, Order at 3, *Sony Music Entertainment v. Cox Commc'ns, Inc.*, No. 1:18-cv-00950-LO-JFA (E.D. Va. Oct. 18, 2019), ECF No. 467; *BMG Rights Mgmt.*, 149 F. Supp. 3d at 646 (finding that "unofficial copyright registration available on the public catalog, of which the Court may take judicial notice," supports a finding of ownership), *aff'd in part, rev'd in part on other grounds*, 881 F.3d 293 (4th Cir. 2018); *Malibu Media, LLC v. Winkler*, 2015 WL 12550890, at *7 (D. Colo. June 25, 2015) (reports from United States Copyright Office Public Catalog deemed sufficient to demonstrate plaintiff's ownership), report and recommendation adopted, 2015 WL 4245820 (D. Colo. July 14, 2015).

3d at 645 (quoting 4–13 NIMMER ON COPYRIGHT § 13.01). Plaintiffs that tie their ownership rights back to an author (rather than a copyright claimant listed on the registration certificate) similarly may provide the registration certificate and evidence of the chain of title from the listed author. *See, e.g.*, *MOB Music Pub. v. Zanzibar on the Waterfront, LLC*, 698 F. Supp. 2d 197, 203 (D.D.C. 2010) (citing 3–12 NIMMER ON COPYRIGHT § 12.11[C]).

"The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law." 17 U.S.C § 201(d)(1); *see also Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 F. Appx. 344, 347 (5th Cir. 2011). Transfer of ownership can happen through "an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect, but not including a nonexclusive license." 17 U.S.C. § 101. Copyrights also can be transferred when the company owning a copyright is merged into or acquired by another. *See, e.g.*, *BMG Rights Mgmt.*, 149 F. Supp. 3d at 646 ("mergers transfer copyrights 'by operation of law'"). After the transfer of an exclusive right, the owner of that exclusive right "is entitled . . . to all of the protection and remedies accorded to the copyright owner by this title." 17 U.S.C. § 201(d)(2); *see also Real Estate Innovations*, 422 Fed.Appx. at 347.

For the remainder of the sound recordings and musical compositions in suit, Plaintiffs have produced copies of the copyright registration certificates or printouts from the online public catalog identifying a predecessor of the named Plaintiff, an author, third party, or affiliate as the claimant. SUMF ¶¶ 2-3. Plaintiffs have proven, through their respective declarations and exhibits thereto in support of this motion, that they acquired rights to all remaining works in suit through a transfer of ownership from these predecessors, authors, third parties, or affiliates. *Id*. To preclude summary

6

judgment, Altice now "must set forth specific facts showing that there is a genuine issue for trial" with respect to ownership of these works in suit. *Anderson*, 477 U.S. at 250. Altice has not produced evidence in discovery that does so.

## CONCLUSION

For the reasons stated above, partial summary judgment should be granted to Plaintiffs on the discrete issue on which they move: namely, that Plaintiffs own or control exclusive rights in the copyright in each work in suit.

Dated: June 16, 2025

Respectfully submitted,

*/s/ Jeffrey M. Gould w/ permission*
*William E. Davis, III*

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Jeffrey M. Gould (*pro hac vice*)
Matthew J. Oppenheim (*pro hac vice*)
Corey Miller (*pro hac vice*)
Keith Howell (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Telephone: 202-480-2999
jeff@oandzlaw.com
matt@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com

Alexander Kaplan (*pro hac vice*)
Carly Rothman (*pro hac vice*)
Lauren Bergelson (*pro hac vice*)
Bret Matera (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
461 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
carly@oandzlaw.com
lbergelson@oandzlaw.com
bmatera@oandzlaw.com

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this June 16, 2025 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ *William E. Davis, III*
William E. Davis, III